Nov. Term,
**1822.**

ARMSTRONG
v.
JACKSON.

1b 210
139   197

1b 210
143    69

Blackford
1b    210
169    668

**ARMSTRONG v. JACKSON, on the Demise of ELLIOTT.**

In ejectment, the demise was alleged in the declaration to have been made on the 1st of *October*, 1819, and the ouster to have taken place afterwards, to wit, on the 2d of *April*, in the said year: *Held*, that the declaration was good; and that the scilicet, being contrary to the word *afterwards* and the *precedent* matter, was repugnant and void.

Under the statute of 1810, real property could not be sold on a writ of fieri facias; that statute only authorizing its sale on a venditioni exponas.

The title of a bona fide purchaser of real estate at sheriff's sale, cannot be impeached for any error in the judgment; nor on account of the execution's having issued out of season; nor for any fault of the sheriff in not pursuing the directions of the statute as respects the inquest, advertisement of sale, &c. To support his title, however, the purchaser must show the sale to have been authorized by the judgment of a Court of competent jurisdiction, and by the kind of execution which the statute prescribes.

*Friday*,
*November 6.*

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—Ejectment against *Armstrong* for a lot of ground in *Lawrenceburgh*. Plea, not guilty. At the trial, the evidence of the plaintiff below was objected to, because the ouster was laid in the declaration to have taken place previously to the demise; but the Court overruled the objection. After the plaintiff had closed his testimony, the defendant offered in evidence the record of a judgment on attachment against the lessor, a writ of fieri facias thereon, and the sheriff's return; also a deed from the sheriff to the execution creditor, and a deed from him to the defendant. To the execution and return, and to the deeds, the plaintiff objected, and the Court refused to admit them in evidence. Verdict and judgment for the plaintiff below.

The declaration states that the demise was on the 1st of *October*, 1819; and that by virtue thereof the plaintiff entered, and was possessed of the premises until the defendant, *afterwards*, that is to say, on the 2d of *April* in the year aforesaid, ejected him. Here the videlicet is in direct contradiction to the word *afterwards*, and the *precedent* matter, and therefore whatever comes under the videlicet must be *rejected* as surplusage and void. This question has been so long settled, that it is a subject of surprise to the Court that the plaintiff in error should insist upon the objection. The cases of *Adams* v. *Goose*, Cro. Jac. 96, and *Wyat* v. *Aland*, 1 Salk. 325, are exactly in point; and

there are many others to the same effect. Vide *Dakin's* case, 2 Will. Saund. 290, and note 1. Besides, the statute precludes any such objection. Stat. 1817, p. 41 (1). The objection therefore to the evidence of the plaintiff below, on account of this informality in the declaration, was very correctly overruled by the Circuit Court.

The indorsement on the fieri facias by the sheriff, and the statement in the bill of exceptions, both show that the lot was sold by the authority alone of that execution. The admissibility of the fieri facias therefore, as evidence in support of the title of the defendant below, rests upon the same question with the admissibility of the sheriff's deed, which recites that the lot was sold by virtue of the fieri facias. That question is, whether the sheriff's sale by authority of a judgment in attachment, and a writ of fieri facias, was valid? The question seems to the Court a plain one. Such was the feudal policy of the common law, that the freehold was never subject to be sold for debt by virtue of any kind of execution. It could not even be extended except in favour of the king, and against an heir on the obligation of his ancestor. The writ of elegit is of statutory origin. Even at this day, real estate cannot be sold in *England* on execution for debt. The only reason why the sheriff could ever sell it in this country was, because the authority was given to him by statute, whenever, after judgment, he was commanded by a certain kind of execution. At first the execution warranting the sale was such a one as that before us (2) but in 1810 the law was changed, and then no execution authorized the sheriff to sell real property but a venditioni exponas. The power of the sheriff is derived from the execution; and the authority of the execution to warrant the sale, is derived from the statute. Suppose the sheriff had sold without any execution, the sale would clearly have been void. It is the same thing, whether he sells with an execution which gives him no power, or whether he sells without any execution at all. The execution in this case gave the sheriff no power to sell the premises in dispute, because there was no law authorizing it; and the sale was consequently void.

It is contended by the plaintiff in error, that the circumstance of this judgment's being on attachment makes it a different case. We do not think so. The statute of 1810, which was the law when this sale took place, is general as to the sheriff's having

no authority to sell real estate but by virtue of a venditioni exponas; and whether the suit was commenced by attachment, or in any other way, can make no difference. On a judgment in attachment, real property cannot be sold but by the same kind of execution that authorizes the sale in other cases. That was the law previously to the act of 1810, and it still continues the same.

The cases of *Reardon* v. *Searcy's heirs*, 2 Bibb, 202, *Lawrence* v. *Speed*, Ibid. 401, *Hayden* v. *Dunlap*, 3 Bibb, 216, and *Jackson* v. *Rosevelt*, 13 Johns. R. 97, referred to by the plaintiff in error, are we believe good law, but not applicable to his case. It is a fair presumption, that the judgment of a competent Court which a bona fide purchaser sees of record has been correctly rendered; and that the execution shown him in the hands of the sheriff, has regularly issued. It may be safely presumed too, that the sheriff has done his duty in obeying the directions of the statute, as respects the inquest, the advertisement of sale, &c. The cases cited prove nothing more. Vide also *Doe* v. *Thorn*, 1 Maule and Selw. 425. It is important to the interests of both plaintiffs and defendants, that the title of a bona fide purchaser at sheriff's sale should not be affected on account of any error or irregularity in the judgment or execution (3). But the sale of property without any judgment, or *without any* execution apparently authorizing such sale, is entirely a different thing. Here the kind of execution itself does not exist, upon which to found the presumption of its having regularly issued, or of the proceedings under it having been correct. It would be violating the best established principles, were we to say that a purchaser at sheriff's sale has a right to presume the existence either of a judgment, or of the proper kind of execution. In an action of trespass against the sheriff, an execution from a competent Court authorizing his conduct is a sufficient justification, where the suit is by the execution debtor; but it is at the peril of the party at whose suit the execution is made, that it has regularly issued and that there is a record to warrant the writ. *Barker* v. *Braham*, 3 Wils. 376. In an action of ejectment against the purchaser of lands at sheriff's sale, the vendee cannot justify his possession without at least showing that there was an execution authorizing the sale, and producing a copy of the judgment rendered by a Court of competent jurisdiction,

*Lessee of Wilson* v. *M'Veagh,* 2 Yeates, 86.—*Wilson* v. *Conine,*
2 Johns. R. 280 (4).

 In the case before us there was no venditioni exponas, which, by the statute of 1810, was the only kind of execution that could warrant the sale under consideration (5). The sheriff therefore was not authorized to sell, and the purchaser acquired no right to the property. This opinion is supported by decisions in *Pennsylvania* exactly in point, under a statute the same with ours of 1810. *Lessee of Porter* v. *Neelan,* 4 Yeates, 108.—*Lessee of Glancey* v. *Jones,* Ibid. 212. If the purchaser at sheriff's sale acquired no right to the premises in question, it follows, of course, that his deed to the defendant was no evidence of title.

 *Per Curiam.*—The judgment is affirmed, with costs.

 *Lane* and *Test,* for the plaintiff.

 *Caswell,* for the defendant.

 (1) After issue joined, in ejectment, on the title only, no exception of form or substance shall be taken to the declaration. Stat. cited in the text. Acc. Stat. 1823, p. 296.

 (2) Stat. N. W. Terr. 1795, p. 15.—Stat. Ind. Terr. 1807, p. 55.

 (3) The title of a purchaser at sheriff's sale is not affected by a subsequent reversal of the judgment. Stat. 1823, p. 195. *Manning's* case is the leading one on this subject. 8 Co. R. 187.

 (4) A sheriff's deed is inadmissible, unless the judgment and execution under which the sale was made be produced; these documents being necessary to show the sheriff's authority to sell. *Den* v. *Wright,* 1 Peters' C. R. 64.—*Jackson* v. *Hasbrouck,* 12 Johns. R. 213.—*Bowen* v. *Bell,* 20 Johns. R. 338. Vide also *Doe* v. *Smith,* where, in an ejectment, the lessor being the party in the original action in which the execution issued, the plaintiff was required not only to produce the execution under which the sheriff had sold, but likewise the judgment. 1 Holt, 589, and note.

 (5) This statute of 1810 is repealed. For the present law on the subject, vide Stat. 1823, p. 188.