THE STATE OF CONNECTICUT *against* WESTON and another.

A receiver of stolen goods, knowing them to be such, may, under our statute of 1830, be prosecuted as a principal.

The possession of stolen goods, by the prisoner, raises a presumption that they were stolen by him, and throws upon him the burden of accounting for their possession.

If a person finds personal property on the highway, knowing, or having the means of knowing the owner, and instead of restoring it, converts it to his own use, such conversion will constitute larceny.

THIS was an information against *Nelson Weston* and *Anson Weston,* for theft, charging them with having stolen various bills of the *City Bank of New-Haven,* amounting to the sum of 69 dollars, the property of *Hiram Upson.*

The cause was tried at *New-Haven, January* term, 1833, before *Peters,* J.

It was admitted, that a part of the bills mentioned in the information, were found in the possession of *Nelson Weston ;* and that another part of them were found in the possession of *Anson Weston ;* and that each of the prisoners had put off some of them. The state's attorney claimed to have proved, by competent testimony, that the bills were in *Upson's* pocket-book, in which his name was legibly written in two places ; that it was left in the pocket of his coat, which was hung up in his shop ; and that the pocket-book and bills were stolen therefrom, by the prisoners, both of whom could read and write.

They claimed, that from the testimony so introduced, it ap-

peared, that the pocket-book and bills were found by *Nelson Weston,* in the public highway; and that he gave a part of them to *Anson Weston,* who was then present; after which they burned the pocket-book. The counsel for the prisoners thereupon claimed, that these facts, if found true, constituted *Anson Weston* merely a receiver of stolen goods, knowing them to be stolen, whereof he could not be convicted, on this information; and they prayed the judge so to advise the jury.

The judge advised the jury, 1. that if the bills were stolen, and were received by *Anson Weston,* knowing this fact, it constituted him a felon, and rendered him liable to prosecution and punishment as a principal thief; 2. that if the pocket-book and bills were stolen, and found in the possession of the prisoners, this was presumptive evidence that they were the thieves, and threw on them the burden of accounting for their having them; 3. that if *Nelson Weston* found the pocket-book and bank bills, as claimed by him, and knowing, or having the means of knowing, the owner, concealed them, and converted them to his own use, instead of giving notice thereof to the owner, he was a thief, and ought to be found guilty.

The jury returned a verdict of *guilty* against both the prisoners; and they moved for a new trial for a misdirection.

*Mix,* in support of the motion, contended, 1. That a receiver of stolen goods, knowing them to be stolen, could not be proceeded against with the principal and under the same information. At common law, on a charge for receiving stolen goods, the principal felon may be a witness. *Leach* 325. 4 *Bla. Com.* 132. This right of the accused will not, without the strongest reasons, be taken away, by a penal statute, which is to be construed strictly. This could not have been the intention of our statute of 1830. *c.* 1. *s.* 47. making the receiver a principal; nor does its language authorize, but excludes, such an inference.

3. That a wrongful conversion of goods found *bona fide,* is not equivalent to a felonious taking of them. Where the taking is by finding, if the finding is *bona fide,* the taking is not an act of trespass; and if the taking is not an act of trespass, there is no felony in a subsequent conversion of the property.

*The People* v. *Anderson*, 14 *Johns. Rep.* 294.  3 *Inst.* 98.
108.    *Butler's* case, 28 *Eliz.* cited 3 *Inst.* 107.    2 *East's C.*
*L.* 663, 4.

*N. Smith* and *R. I. Ingersoll*, contra, insisted, 1. That even
at common law, the taking up of a pocket-book in the highway,
knowing, or having the means of knowing, the owner, and not
restoring it to him, but secreting it and converting it to the
finder's use, is larceny.    *Lamb's* case, *Wynne's* case, *Sear's*
case, case of *Walters* & others, and other cases, cited 2 *Russell* 1042, 3, 4, 5, 6.

2.    That by the explicit provision of our statute of *May,*
1830. *c.* 1. *s.* 47. *p.* 261. the receiver of stolen goods, knowing them to have been stolen, may be prosecuted as a principal.

PETERS, J.    Receivers of stolen goods, knowing them to be
such, are accessaries, and by the ancient common law, suffered the same punishment as their principals ; (4 *Bla. Com.* 39,
40.) but they could not be tried, until their principals were
convicted.    But now, by our statute, it is provided, "that if
any person shall receive and conceal any stolen goods, articles
or things, knowing them to be such, he may and shall be proceeded with as a principal, though the person or persons who
committed the theft, be not thereof convicted, and shall be
tried before the same court and punished in the same manner, as if he had been the principal." *Stat. May* 1830. *c.* 1.
*s.* 47. *p.* 261.

It is a well settled rule, that the possession of stolen goods
is *prima facie* evidence that the possessor is the thief, and
throws on him the necessity of accounting for his possession.
2 *Russell* 1154.    *Commonwealth* v. *Willard*, 1 *Mass. Rep.* 6.
2 *Stark. Ev.* 840.

And it is equally well settled, that the finder of personal
property on the highway, knowing, or having the means of
knowing, the owner, and not restoring it to him, but converting it to his own use, is a thief, and ought to be punished
accordingly.    2 *Russell* 1044, 5.

I do not advise a new trial.

The other Judges were of the same opinion.

State
*v.*
Weston,

New trial not to be granted.