May Term,
1850.

Roe, on the Demise of WEIRICK, *v.* ROSS.

Roe
v.
Ross.

2  99
139  197

Ejectment. The defendant claimed title under a purchase at sheriff's sale, and proved a judgment rendered in 1840, in the *Cass* Circuit Court, in favor of *A.* against *B.;* an entry made by *C.*, the lessor, as replevin-bail, in 1841; and a revival of the judgment in 1845 in favor of the adminis-trator of *A.* He also proved the issuing of a *venditioni exponas* in 1845; that, under it, he purchased the land in 1846, the rents and profits hav-ing first been offered for sale without effect. He also produced the she-riff's deed to him. *Held,* that this evidence was sufficient, *prima facie,* to authorize a verdict in the defendant's favor.

The land sold by the sheriff was proved to be worth 1,200. The sum bid and paid for it by the defendant, was 111 dollars. *Held,* that this in-adequacy of price was not in itself sufficient to avoid the sale.

ERROR to the *Cass* Circuit Court.

Friday,
May 31.

BLACKFORD, J.—This was an action of ejectment for two pieces of land in *Cass* county. Plea, the general is-sue. Verdict for the defendant. Motion for a new trial overruled, and judgment on the verdict.

The plaintiff relied on a conveyance of the premises to his lessor from *Joseph Douglass,* dated the 23d of *March,* 1842.

The defendant claimed title to the premises under a purchase at sheriff's sale.

To sustain his defence, the defendant proved a judg-ment in the *Cass* Circuit Court, rendered on the 20th of *November,* 1840, in favor of *G. G. Young,* against *John T. Douglass;* an entry by *Weirick,* the lessor, as replevin-bail on said judgment, which entry was made on the 15th of *January,* 1841; and a revival of the judgment at the *February* term, 1845, in favor of *Andrew Young,* adminis-trator of *G. G. Young,* deceased, with a direction that an execution issue to sell the property levied on to satisfy said judgment.

The defendant also proved the issuing of a *venditioni exponas* in the case on the 17th of *March,* 1845, which execution commanded the sheriff of *Cass* county to sell the lands sought to be recovered in the present suit, and which execution is valid on its face. The defendant also proved that he purchased said lands under said *venditioni*

*exponas*, on the 14th of *March*, 1846, (the rents and profits for seven years having first been offered for sale without effect). He proved, also, the sheriff's deed to him for the lands so purchased.

This evidence of the defendant, was sufficient, *prima facie*, to authorize a verdict in his favor. *Armstrong* v. *Jackson* d. *Elliott*, 1 Blackf. 210.

The plaintiff contends that said matters of evidence for the defendant were objected to on the trial, and were inadmissible. But as the grounds of the objections do not appear to have been pointed out to the Circuit Court, they cannot be now noticed. *Russell et al.* v. *Branham et al.* 8 Blackf. 277.

The plaintiff also contends, that a *fieri facias* in the case had been levied on certain goods, as well as on the lands in question, before the *venditioni exponas* issued; that it was not shown that the whole of those goods had been sold before the sale of the lands; that the sale of the lands must therefore be considered as irregular; and that *Ross*, the now defendant, who, as sheriff at the time made the levy, must be presumed to have had notice of the irregularity.

There is nothing in this objection. The said *fieri facias*, (which issued in 1841,) with two others of the same date, one in favor of *Anderson*, and the other in favor of the *State Bank*, had been levied on said goods, a part of which were sold on the execution in favor of *Anderson*. What became of the residue of the goods levied on does not appear. When the *venditioni exponas* issued, and for a long time previously, one *Vanness* was the sheriff of *Cass* county, and it was he who sold the lands to the defendant. *Ross* had a right, under these circumstances, to presume that such proceedings had taken place subsequently to the levy on the goods, as justified the issuing of the *venditioni exponas*.

The plaintiff also objects to the sheriff's sale, on the ground that the purchase-money was inadequate. The lands sold by the sheriff were proved to be worth, at the time of the sale, from 1,200 to 1,500 dollars. The sum

bid and paid for them by the defendant was 111 dollars and 25 cents. We do not think that this inadequacy of price was, of itself, sufficient to avoid the sale.

The plaintiff also contends that the sheriff's sale was procured by fraud. We have examined the evidence on this subject, and are satisfied that the objection on the ground of fraud is not well-founded.

*Per Curiam.*—The judgment is affirmed with costs.

*D. D. Pratt*, for the plaintiff.