## JOHNSON *v.* CARSON.

A purchase at sheriff's sale will be protected, if the sale was authorized by a judgment execution and levy, and if the purchaser paid the price stipulated under appraisement. The fact that the appraisement was not made upon actual view of the premises as directed by statute, will not invalidate the sale.

A *bona fide* purchaser at a sheriff's sale under the judgment in partition of the Half Breed lands, cannot be deprived of his title by proof, *dehors* the record, that the execution defendants were minors without guardians, when the judgment was rendered against the property.

ERROR *to Lee District Court.*

*Opinion by* GREENE, J. This was an action of ejectment commenced by L. E. Johnson against A. Stebbins for the possession of a lot in Keokuk, Lee county. On motion of plaintiff, H. Carson was substituted as defendant. Plea, general issue. Trial by jury. Verdict and judgment for plaintiff.

On the trial, plaintiff gave in evidence the judgment of partition of the Half Breed lands in Lee county, and also an execution and sheriff's deed, showing title in him to the land in question.

The defendant then offered to prove that the appraisement was made without the appraisers having seen the land, and without leaving their room, and also offered to prove that the defendants in execution were minors when the judgment was rendered against them. But the court sustained the objection made to defendant's evidence, and therefore they bring the case to this court.

1. Would the evidence offered in relation to the appraisement invalidate the sale? The valuation law directs the appraisement "upon actual view of the premises forthwith after such view." Rev. Stat., 630, § 3. It is claimed that this *actual view* was essential to the validity of the sale. This would be true if such actual view could be considered an element of power, or one of those essential

objects to which the law directs the execution purchaser, as authority upon which he might rest his title. The purchaser is only required to look at the judgment, the execution and the levy for evidence of the sheriff's power to sell. If these are in conformity to law, *prima facie*, he is justified in paying the price required by law for the property, and should be protected in his title. If the law, as in this case, requires him to pay at least two-thirds of the valuation, he is only to ascertain the amount of the valuation as returned, and need not go into an examination of the position or conduct of the appraisers.

As decided by this court in *Sprott* v. *Reid*[*] an appraisement of the property executed under the valuation law of Iowa, is an indispensable pre-requisite to the sheriff's power to sell, made so from the fact, that such sale cannot be for less than two-thirds of the appraised value. But the method to be pursued in making that appraisement is not so essential. In that particular the statute is only directory, and hence any mere irregularity or departure in those directory proceedings would not be nullities, and could not vitiate the sale in a collateral proceeding. The execution returns, and the deed in this case, show authority in the officer to sell the land, and as matter of record they show that the requirements of the law were observed, and by statute the deed is made "*prima facie* evidence of the regularity of the officer's proceeding." Rev. Stat., 630, § 3.

The record in the case shows conclusively that there was a valid judgment, execution, levy and sale, under appraisement. These were all the purchaser needed at law to justify and confirm his title ; consequently proof of irregularity in those objects themselves, would not be competent to impair or invalidate his title. *Humphreys* v. *Beeson*, 1 G. Greene, 199 ; *Hopping* v. *Burnam*, 2 ib., 39 ; *Corriell* v. *Doolittle*, ib., 385 ; *Voorhes* v. *U. S. Bank*, 10 Peters, 449.[†]

---

[*]*Ante* p. 489.   [†]*Sprott* v. *Reid*—*ante* pp. 489–191.

2. Did the court err in excluding the proof offered to show that the defendants in execution were minors without guardians, when the judgment for costs was rendered? It has been repeatedly decided, by this court, that the judgment in partition of the Half Breed lands, is final and conclusive of all rights therein adjudicated; and conse-quently in a collateral proceeding, like the present, evidence that some of the parties in interest were minors, is not admissible. All parties interested in that tract of land, minors as well as adults, had legal and ample notice of the partition proceedings; all were invited to appear and estab-lish their interest; all had their day in court; and the judg-ment is made conclusive that the rights of all were fully adjudicated; and they cannot now, by extrinsic proof, *dehors* the record, avoid the effects of that judgment. *Wright* v. *Marsh*, 2 G. Greene, 94. If the parties themselves could not avoid the conclusiveness of the judgment, how then can parties, not connected with the record, expect to do so?

When, as in this case, a judicial sale appears to have been regularly conducted, by virtue of a judgment ren-dered final and conclusive, the rights of a *bona fide* pur-chaser cannot be affected by any evidence of error or irregularity in the judgment. This could not be done by a party directly affected by such error or irregularity, and *a fortiori* it cannot be done by one who is no way a party to the record. *Armstrong* v. *Jackson*, 1 Black., 210; *Thompson* v. *Tohnie*, 2 Pet.; 157; *Ashley* v. *Abney*, 1 Hill, S. C., 380; *Giles* v. *Pratt*, ib., 239; 2 Howard, U. S., 319.

It is conceded, by counsel for plaintiff in error, that if the execution defendants were minors the judgment of par-tition would only be erroneous, and as the error was not taken to the supreme court for correction within the time limited by law, that judgment is now final and conclusive. But it is claimed that the judgment for costs against minors is absolutely void. Clearly, if the principal judgment is

only erroneous, its legitimate and necessary incident, the judgment for costs, cannot be more so. The latter is the necessary result of the former. It was not a judgment against the minors; it was only a judgment in *rem*, a lien, a tax upon the land, and is as conclusive, as irrevocable as the judgment in partition.

We conclude that the court was fully warranted in excluding the extrinsic proof offered by the defendants below.

Judgment affirmed.

*R. P. Lowe*, for plaintiff in error.

*J. C. Hall*, for defendant.