## SHAFFER *v.* BOLANDER.

On a contract made in Ohio in 1840, judgment was obtained in this state in 1845, and in 1850 land was sold to satisfy the judgment; held, that the execution defendant cannot avail himself of the remedial laws of Ohio, to avoid this sale; that the *lex fori* must prevail; and that an appraisement of the property under the valuation law was not necessary.

The *lex loci contractus* not applicable to questions mainly remedial.

A purchase at judicial sales depends upon the judgment, levy and deed; these being unobjectionable, an innocent purchaser should not be affected by other irregularities.

*Appeal from Van Buren District Court.*

*Opinion by* GREENE, J. John Shaffer commenced this suit in equity, against W. H. Bolander and his son Joel S. Bolander, to set aside the legal title to eighty acres of land which W. H. Bolander had purchased in the name of his son Joel.

The facts in the case show that January 24, 1840, W. H. Bolander gave his two notes to W. C. Goff in the state of Ohio. The next year Bolander moved to Iowa, and in 1844, purchased with his own money the land in question, in the name of his son Joel, who was then about one year old.

In April, 1845, Goff recovered judgment against W. H. Bolander for amount of the two notes and interest, and in February, 1850, the land was, on execution issued from said judgment, sold to G. G. Wright, and in May, 1851, after the period for redemption had expired, it was sold and transferred to said John Shaffer.

In defense of this proceeding the son Joel's answer averred that the sheriff's sale was void, and passed no title because the laws of Ohio, where the contract was

14*

made, required an appraisement before sale on execution. 2. Because the laws of this state, regulating such sale required an appraisement.

To this answer there was a demurrer, under which, the court ruled that the land in controversy, should have been appraised at sheriff's sale, and not having been so appraised, the sale was void and passed no title.

1. *Lex loci contractus* is not, we think, applicable to the merely remedial question involved in this case. The validity of the contract made in Ohio, is not questioned. The debtor could not avail himself of the forms and remedies of the Ohio laws, after departing from their jurisdiction and placing himself under the protecting laws of another state. The doctrine is now too well settled, to be disputed, that the forms of remedies, and the order of judicial proceedings are to be according to the law of the place where the action is enforced, without special regard to the domicil of the parties, or the origin of the liability. Story's Con. of Laws, § § 556, 557 and 558. 1 Cranch, 259. 8 Peters 361 ; 13 ib., 378.

The defendant having removed from the jurisdiction of the state within which the contract was made, and having placed himself and his property under the laws of another state, he cannot avail himself of those forms and remedies which he has voluntarily abandoned. As in the proceedings against him, so in his defense the *lex fori*, must prevail.

2. Was the sale void under the laws of this state. The valuation law took effect February, 20th, 1843. This law could not constitutionally apply to contracts previously made, and was modified accordingly in June, 1844. The contract in this case was made in 1840, long prior to the valuation law, and the judgment was rendered after the modification in June, 1844, to wit; in April, 1845, and finally, the law was repealed in 1846, and long before the execution and sale.

Shaffer *v.* Bolander,

There was not then, at the date of the contract, nor of the execution or sale, any valuation law in force. Hence it follows, that the valuation law, was not applicable. 1. Because it could not impair the obligation of the contract previously made. 2. Because it was not in force at the date of the execution and sale.

But had the valuation law been in force at the date of the judgment and execution, it would by no means follow that the neglect of the sheriff to have the property appraised and sold at two-thirds its value, would render the sale, to an innocent purchaser void. In the language of the supreme court of U. S., "the purchaser, depends on the judgment, the levy and the deed. All other questions are between the parties to the judgment and the marshal" 4 Wheaton, 503 ; 10 Peters, 471 ; 1 Blackf., 210; 2 ib., 295 ; 4 ib., 489; 8 John, 366 ; 12 ib., 213 ; 2 G. Greene. 39—44.

In this case there is no objection to the judgment, the levy, or the deed, and hence all other questions were between the execution defendant and the sheriff.

But we are clearly of the opinion, that no appraisement was necessary in this case, and that the court erred, in declaring the sale void.

Judgment reversed.

*G. G. Wright,* for appellent.

*J. C. Hall,* for appellee.