Nov. Term,
1857.

BROWNFIELD
v.
WEICHT.

## BROWNFIELD and Another v. WEICHT.

The authority of the Circuit Court to proceed in the trial of a cause, need not affirmatively appear in the complaint: objection to the jurisdiction may be raised by the answer, or at any subsequent stage of the proceedings.

Upon the foreclosure of a mortgage, the rents and profits must be offered for sale, and may, of course, be sold.

The sheriff's notice of such sale, need not state that the rents and profits will be first offered.

In an action to recover an interest in real estate purchased at such sale, where the mortgagor and another were defendants, and they answered jointly in bar, it cannot be objected that the mortgagor was not shown to have been the owner of the land at the date of the mortgage.

Monday,
November 23.

APPEAL from the Steuben Circuit Court.

DAVISON, J.—The complaint charges that the appellee, who was the plaintiff, was the owner, for the term of seven years from the 3d of March, 1855, of the rents and profits of certain real estate, which is described, and of which, it is alleged, he is entitled to the possession; and that the possession, to which he is so entitled, is held by Samuel and David Brownfield, who were the defendants, &c.

The answer contains three paragraphs: 1. A general denial, &c. 2. That the defendants, during all the time, &c., were the owners of the real estate described, &c., and entitled to the rents and profits thereof, and also to the possession, &c. 3. That the plaintiff, when he commenced his suit, had not, nor had he ever, any title to the real estate, or its rents and profits; nor was he then, or ever, entitled to the possession, &c.

There were replies in denial of the answer. The Court tried the case, and found for the plaintiff; and having over-

ruled a motion for a new trial, rendered judgment on the finding.

The plaintiff gave in evidence a deed of mortgage, executed by *Samuel Brownfield*, one of the defendants, and *Margaret Brownfield*, whereby it appeared that the land in contest was situate in *Steuben* county, and had been mortgaged to one *Mary Douglas*, to secure the payment of 100 dollars.    In a certificate of acknowledgment appended to the mortgage, *Margaret Brownfield* is described as the wife of *Samuel Brownfield*, though she is not so designated in the body of the instrument.    The plaintiff also introduced the record of a suit for the foreclosure of the mortgage, wherein it was decreed that the mortgagee recover of *Samuel Brownfield* 115 dollars, with costs, &c.; and that the mortgaged premises, or so much thereof as might be necessary to satisfy the recovery, be sold, &c.    He also introduced an order of sale, issued upon the decree, and a return thereon by the sheriff, which showed a sale to the plaintiff of the real estate described in the mortgage, for the term of seven years from the 3d of *March*, 1855.    And, further, the plaintiff gave in evidence a sheriff's deed, made pursuant to the sale.

It was proved that, in the sheriff's notice of sale, which had been seen by the plaintiff, there was no statement that the rents and profits would be offered; that defendants—at the time of the decree of foreclosure, of the sheriff's sale, and the trial of this cause—were in possession of the land; and that the rents and profits were of the yearly value of 75 dollars.

The appellants seek to reverse the judgment upon four grounds:

1. It does not appear by the complaint that the land in controversy is situate in *Steuben* county.

The code says actions for the recovery of real estate, or any interest therein, must be commenced in the county in which the subject of the action, or some part thereof, is situated.    2 R. S. p. 33.    Still the pleading in question is unobjectionable, and would have been so held on demurrer; because the Circuit Court, being of general and unlimited

Nov. Term, 1857.

BROWNFIELD
v.
WEIGHT.

jurisdiction, its authority to proceed in the trial of a cause need not affirmatively appear in the complaint. Van Santv. Pl. 663. The objection for want of jurisdiction, if it exists, may be raised by the answer, or at any subsequent stage of the proceedings. But, in this instance, it did not exist. The record before us sufficiently shows the subject of the action to be located in *Steuben* county.

2. "The statute does not, upon the foreclosure of a mortgage, authorize sale of rents and profits."

We think differently. The general law regulating the sale of real estate on execution, explicitly requires the rents and profits for seven years to be first offered. 2 R. S. p. 140, s. 463. And the language of the statute directing sales in cases of foreclosure, is as follows: "A copy of the order of sale and judgment shall be issued, &c., to the sheriff, who shall thereupon proceed to sell the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, interest, and cost, as upon execution." *Id.* p. 176, s. 635. It seems to us that the phrase, "as upon execution," plainly shows a legislative intention that the law regulating sales on execution should apply to, and in all respects govern, sales under a decree of foreclosure. If this construction be correct, and we think it is, the sheriff, in the discharge of his duty, was bound to offer the rents and profits for seven years. Indeed, the words "so much thereof as may be necessary," &c., may relate as well to a portion of the estate which is to be offered, as to an admeasured quantity of the land.

3. There was no notice given by the sheriff that he would offer for sale the rents and profits.

The statute to which we have referred, enacts that "the time and place of making sale of real estate, shall be publicly advertised, &c. *Id.* p. 142, s. 467. But it does not require the advertisement to contain notice that the rents and profits would be first offered. To do that is a part of the sheriff's official duty, of which the public are presumed to be legally cognizant; hence, it would seem unnecessary for him to advertise, in effect, that, in making the sale, he

would pursue the requirements of the statute. The third objection is, therefore, not well taken.

4. It was not shown that the mortgagor, at the date of the mortgage, was the owner of the land.

This ground would be obviously untenable were *Samuel Brownfield* the only defendant in the case; because, having executed the mortgage, he is not allowed to say that he had no title to the premises. Against him, the plaintiff was only bound to show the decree, order of sale, sale, and sheriff's deed. 1 Blackf. 210, 372, note 1.—6 Ind. R. 80. But there is another defendant, who, it appears, was in possession at the date of the decree, and thence up until the trial in the Circuit Court. And where the defendant is any other than the judgment-debtor, the rule is, that the plaintiff must prove the debtor's title to the premises. 1 Blackf. 372. That rule, however, does not apply in the present case; because the defendants have made a joint defense—have put themselves on the same terms—and it is a principle in pleading to which, it is said, there is no exception, that where several defendants join in pleading in bar, if the plea is bad as to one defendant, it is bad as to all. *Poulk* v. *Slocum*, 3 Blackf. 421, 429. Here, the defendants jointly deny the plaintiff's cause of action, and jointly allege the title to be in them. These defenses are manifestly defective as to *Samuel Brownfield*, and must, on the principle just stated, be considered insufficient as to the other defendant.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Ellison*, for the appellants.