*C. Denby, J. Pitcher*, and *H. C. Pitcher*, for appellee.

———————•———————

## WHITE and Another *v.* CRONKHITE.

SHERIFF'S SALE.—*Irregularities.—Evidence.*—A. sued B. for the recovery of real estate and damages for its detention. The right of A. to recover depended on whether a sheriff's sale and conveyance to him was valid, he not being the judgment-plaintiff or chargeable with notice of any irregularities in the sale. A. introduced the judgments, executions, and sheriff's deed, and proved payment of purchase-money and his damages, and rested. B. offered to prove that the sheriff omitted to post notices of the sale in the township where the real estate is situated, and that the property sold for only one half its cash value. The court refused to admit the evidence.

*Held*, that the evidence was properly excluded.

SAME.—*Instruction.*—The court charged the jury, "If you find that the judg-ments, and executions, and the sheriff's deed are valid, and they are if noth-ing to the contrary appears, you ought to find for the plaintiff."
*Held*, that this instruction stated the law.

APPEAL from the Fountain Circuit Court.

DOWNEY, C. J.—Cronkhite sued White and two others for the recovery of real estate and damages for its detention. The right of Cronkhite to recover depended on the validity of a sheriff's sale and conveyance of the land on executions. Cronkhite, having introduced the judgments, executions, and sheriff's deed, and proved the payment of the purchase-money and his damages, rested his case. The defendant offered to prove that the sheriff, in advertising the land for sale, did not post up any notices in the township in which the real estate is situated, and that the real estate sold for only one-half of its cash value. Which evidence the court refused to admit.

The court instructed the jury as follows: "If you find that the judgments, and executions, and the sheriff's deed, are valid, and they are if nothing to the contrary appears, you ought to find for the plaintiff."

These rulings of the court, in refusing to admit said evi-dence and in thus charging the jury, were excepted to, and present the only questions in the case. Was the case made out without any other evidence than that which was given? Cronkhite was not the judgment-plaintiff, nor in any way charged with notice of the alleged omission or irregularity of the sheriff in making the sale.

It seems to be established by the decisions of this court, that when the judgment, execution, and deed are shown, by a *bona fide* purchaser of real estate, at sheriff's sale, it will be presumed that the sheriff did his duty in advertising the sale. *Armstrong* v. *Jackson*, 1 Blackf. 210; *Frakes* v. *Brown*, 2 Blackf. 295.

It has also been decided, that the title of a purchaser of real estate at sheriff's sale, who pays the purchase-money, and receives the sheriff's deed, cannot be affected by the cir-

cumstance that the return of the execution is imperfect, or that none was made. *Doe* v. *Heath*, 7 Blackf. 154.

Carrying out this theory of the law, the legislature has provided that any sheriff who shall sell any real estate without giving the previous notice directed, or shall sell the same otherwise than in the manner prescribed, shall forfeit and pay to the party injured, not less than ten nor more than two hundred dollars, in addition to such other damages as the party may have sustained, to be recovered from the sheriff, or from him and his sureties, in an action on his official bond. 2 G. & H. 252, sec. 474.

If it be true that the sheriff omitted to give the proper notice of the sale, the defendant is not without remedy. He can sue the sheriff, or if he prefer, or the sheriff be insolvent, he may sue on the bond of the sheriff, and make the sureties liable with him.

The plaintiff having acted upon the presumption that notice had been given, and having purchased the property upon that belief, it was not allowable to defeat his title by proof to the contrary. Had he been the plaintiff in the action, or otherwise chargeable with notice of the omission or irregularity, the rule might have been different.

The judgment is affirmed, with five per cent. damages and costs.

*J. McCabe*, for appellants.

*J. H. Brown* and *L. S. Miller*, for appellee.