### VANDEVER v. HARDY ET AL.

SHERIFF'S SALE.—*Sale Under Judgment to Subject Land to Payment of Judgment of Another Court.—Execution.*—A judgment was rendered in the court of common pleas, and afterwards the circuit court, at the suit of the administrator of the estate of the judgment-plaintiff, set aside as fraudulent and void certain conveyances of real estate of the judgment-defendant, adjudged that the title to said real estate was in said judgment-defendant, and that said real estate was subject to the payment of said judgment of the common pleas, and ordered that it be sold to pay said judgment.

*Held,* that, to render valid the sale of said real estate by the sheriff, it was not necessary that such sale should be made on an execution issued upon the judgment of the court of common pleas, but it was proper for said sale to be made on an order therefor issued upon said judgment of the circuit court.

SAME.—*Evidence.*—On the trial of an action to recover possession of real estate from one who had purchased it at sheriff's sale, brought by a person claiming title through the judgment-defendant, the judgment under which such sale was made was introduced in evidence by the defendant, without objection.

*Held,* that if the introduction of said judgment, without the remainder of the record, could properly have been objected to at all in such a case, the sufficiency of the defendant's evidence could not be questioned on that ground upon his appeal to the Supreme Court, no objection having been made in the lower court.

From the Switzerland Circuit Court.

*J. A. Works* and *J. D. Works,* for appellant.

*W. M. Smith,* for appellees.

WORDEN, J.—This was an action by the appellees against the appellant and one James Griffin, to recover possession of a certain tract of land.

Issue, trial by the court, finding and judgment for the plaintiffs, a new trial having been denied to the defendants. Vandever alone appeals, Griffin having refused to join therein.

The plaintiffs, as we understand the case, claim title to the land through Charles Hardy, and the question involved is whether a sheriff's sale, hereinafter mentioned, was shown to be valid.

The facts, as shown by the bill of exceptions, were briefly as follows:

In 1854, a judgment was recovered in the Switzerland Court of Common Pleas, by Quinton Baily against Charles Hardy, for the sum of seven hundred and sixty-seven dollars and eighty-three cents and costs.

In November, 1856, Robert N. Lamb, as the administrator of said Quinton Baily, recovered a judgment in the Switzerland Circuit Court against said Charles Hardy and others, setting aside several deeds as fraudulent and void, adjudging that the title to the land now in dispute was in said Charles Hardy, and that it was subject to the payment of the judgment thus recovered in the court of common pleas, and ordering that the land be sold to pay said judgment, etc.

An order of sale was issued upon this judgment of the circuit court, by the clerk thereof, reciting the substance of the judgment and that in the court of common pleas, and directing the sheriff to sell the land, in pursuance of the order. In pursuance of this order, the sheriff made the sale, and Vandever became the purchaser, at the price of six hundred dollars, and received the sheriff's deed. The sale appears, so far as we are advised, to have been in all respects regular.

It is claimed by the appellees, that no execution or order of sale could have been issued upon the judgment of the cir-

cuit court, but that the execution should have been issued upon the judgment recovered in the court of common pleas. But we are of a different opinion. The judgment of the circuit court, as has been stated, ordered the land to be sold for the payment of the judgment rendered in the court of common pleas, and, in our opinion, it was quite proper for an order of sale to issue from the circuit court for the sale of the land, in pursuance of the order of that court. Perhaps an execution might have been issued upon the judgment rendered in the court of common pleas, and the land levied upon and sold, and that the purchaser's title would have been protected by the judgment of the circuit court, as against parties to that judgment or their privies; but we decide nothing in that respect. We are satisfied that the order of sale properly issued from the circuit court.

It is also objected that the judgment only of the circuit court, on which the order of sale was issued, was offered in evidence, and not the entire record. It is claimed that the entire record, and especially the complaint on which the judgment was based, should have been given in evidence. The judgment, order of sale, sheriff's return thereon, and the sheriff's deed were given in evidence. This would seem to have been sufficient. *White* v. *Cronkhite,* 35 Ind. 483; *Splahn* v. *Gillespie,* 48 Ind. 397.

We need not determine, however, whether the judgment alone could have been introduced without the entire record, had objection been made. Here no objection was made to the introduction of the judgment without the residue of the record, and we think it clear that this objection comes too late, if it could be made at all in such case. The case differs from many, in which the entire record, or the complaint or pleadings on which the judgment is founded, is necessary to establish some fact not apparent on the face of the judgment. Here the judgment ordering the sale of the land was the fact to be established, and this was proved by the production of the judgment. It will be presumed that the court had jurisdiction over the parties and the subject-matter.

‚ It seems to us, therefore, that the defendant established his title, and that his motion for a new trial should have been granted.

The judgment below is reversed, with costs, and the cause remanded for a new trial.