## NICHOL, ADM'R, *v.* McCALISTER.

DEMURRER.—*Joint Demurrer.*—Where there is a joint demurrer filed to several paragraphs of an answer, if one paragraph be good, the demurrer should be overruled as to all.

DEPOSITION.—*Secondary Evidence.*—A motion to suppress, in a deposition, parol evidence of the contents of a record, for the introduction of which a proper foundation has not been laid, should be held under advisement until the trial; and if secondary evidence be not rendered admissible, such parol evidence should be excluded.

EVIDENCE.—*Proof of Sheriff's Sale.*—On the trial of an action for the breach of the covenants in a deed of conveyance of land executed by the defendant to the plaintiff, the latter founding his claim for damages on a previous sale of the land to a third person by the sheriff, the deed of the sheriff may be introduced in evidence as a link in the chain of title; but it is not sufficient of itself to prove the sale, without also the judgment and execution.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett,* for appellant.

*J. H. McConnell* and *H. D. Thompson,* for appellee.

BUSKIRK, J.—This was an action by the appellee against Alfred Makepeace, for damages resulting from breach of the covenants in a deed. During the pendency of the action Makepeace died, and the appellant was substituted.

A demurrer to the complaint was overruled, and this has been assigned for error, but is abandoned in the brief of counsel for appellant.

The appellant answered in seven paragraphs. The appellee demurred jointly to the second, third, fourth, fifth, sixth and seventh paragraphs, which demurrer was overruled to the third and sustained to the others. The third paragraph is confessedly good. The demurrer being joint as to the paragraphs, and one of them being good, the demurrer should have been overruled as to all of the paragraphs. Buskirk's Practice, 193, 194, and authorities cited.

The court also erred in overruling the motion for a new trial. The motion to suppress the deposition of Jonathan

V. Bowman was properly overruled. The motion to suppress the fourth question and answer of the deposition of Samuel I. Carter should have been held under advisement until the trial, and if secondary evidence was not rendered admissible, the evidence should have been excluded. *The B. & O. R. R. Co.* v. *Mc Whinney*, 36 Ind. 436; *Gimbel* v. *Hufford*, 46 Ind. 125; *The I., P. & C. R. W. Co.* v. *Anthony*, 43 Ind. 183.

The evidence was secondary. Mr. Carter testified that he had, as sheriff of Coffey county, Kansas, and by virtue of a certain execution, sold the land in question to Stephen Harland, and that he executed a deed to the purchaser. The contents of a record cannot be proved by parol, without laying the proper foundation for the admission of secondary evidence.

The finding is not sustained by the evidence. The appellee sought to recover upon the ground that the real estate sold and conveyed by Makepeace to the appellee had been sold by the sheriff of Coffey county, in the State of Kansas, to Stephen Harland. For the purpose of proving such sale, the appellee introduced in evidence the deed of the sheriff of Coffey county, Kansas. The deed was properly admitted, as it constituted a link in the chain of the title, but it was not sufficient of itself to prove such sale. The appellee should have introduced the judgment, execution and sheriff's deed. This is firmly settled by repeated decisions of this court. *Splahn* v. *Gillespie*, 48 Ind. 397, and authorities there cited.

The court should have granted a new trial.

The judgment is reversed, with costs; and the cause is remanded for a new trial, in accordance with this opinion.