No. 8254.

## TEAL v. LANGSDALE.

**VENDOR AND PURCHASER.**—*Contract.*—*Rescission.*—*Failure of Title.*—*Answer.* —*Deed.*—In an action to rescind a contract for the purchase of real estate, and to recover back the purchase-money paid, on the ground that the defendant did not convey at the time stipulated, and has no title, it is not necessary, in order to defeat the action, that the defendant with his answer should bring a deed into court for the plaintiff. It is enough to show that he is not in default.

**SAME.**—*Pleading.*—*Reply.*—*Departure.*—In such action, a reply, that since the commencement of the suit the defendant has conveyed the property to another, is a departure, and for that reason a demurrer was properly sustained to it.

**SAME.**—*Sheriff's Deed.*—*Evidence of Title.*—Where a party claims title through a judgment of foreclosure, a sheriff's deed is not sufficient evidence of his title.

From the Marion Superior Court.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellant.

*T. A. Hendricks, A. W. Hendricks, C. Baker* and *O. B. Hord,* for appellee.

BEST, C.—This action was brought by the appellant against the appellee, on the 4th day of April, A. D. 1878, to recover back $500, which the former had paid the latter upon a contract to purchase certain real estate. The complaint consisted of three paragraphs. · The first averred in substance, that the appellant, on the 19th day of March, 1878, purchased of the appellee " the Marion mill property, with the lands, appurtenances and hereditaments and 'houses thereon belonging, including residence, in Shelby county, Indiana," for the sum of $3,200 ; that he paid $500 at the time, and agreed to pay the balance of the price when the appellee should make him a good and sufficient warranty deed for the property ; that the appellee agreed to make such deed on or before the 22d day of March, A. D. 1878, and was to allow the appellant the rents and profits of said property from the time the contract was made ; that the contract was in writing, and a copy was

Teal v. Langsdale.

attached; that the appellee did not make him a deed on the 22d of March, 1878, nor at any other time; that appellant demanded of him the $500 on March 25th, 1878, and that they then mutually agreed to rescind the contract, and the appellee promised to pay him such sum, but that no part of it has been paid.

The second paragraph is the same as the first, except that, instead of alleging a mutual rescission of the contract, it is averred that the appellee did not have any title to any part of said property, and the same was not free from liens, but was incumbered by judgment liens to the amount of $2,000, and the appellee could not, on the 22d day of March, 1878, make a good and sufficient deed for the same; that he has not repaid him the $500, nor any part of the $4,000 damages which the appellant has sustained by reason of the breach of said contract.

The third paragraph is a common count for money had and received, accompanied by a bill of particulars, stating the $500 so paid upon said contract of purchase.

An answer in denial was filed to the entire complaint, and a second paragraph was filed to the second paragraph of the complaint.

The second paragraph of the answer averred, in substance, that, after the execution of the contract, the appellant requested that his attorney should prepare the deed, to which the appellee consented; that he and his wife were, at all times thereafter, ready and willing to execute the deed, but that said attorney did not prepare it until after the 22d day of March, 1878; that, as soon as it was prepared, he and his wife executed it, and he tendered it to the appellant, but he refused to accept it. All other allegations were denied.

A demurrer for want of facts was overruled to this paragraph of the answer.

A reply in denial was filed to each paragraph of the answer, and, at the September term, 1878, a second paragraph of reply was filed to the second paragraph of the answer.

Teal *v.* Langsdale.

This paragraph averred that, since the appellant filed his former reply, to wit, on the 19th of August, 1878, the appellee had sold the property mentioned in the complaint to Henry D. Carlisle, and put him into possession; that appellee sold said property to Carlisle without the knowledge of the appellant, and Carlisle purchased and paid for said property without any knowledge of the appellant's contract; that, by said sale, appellant's contract has been rescinded, and appellee is estopped to plead the matters averred in the second paragraph of his answer.

A demurrer, because this paragraph was a departure, and because it did not state facts, was sustained, to which ruling an exception was reserved.

Trial by the court and finding for the appellee. Motion for a new trial overruled, and judgment upon the finding. Appeal to the general term, where the judgment was affirmed. This appeal questions the correctness of the judgment entered at the general term.

The errors there assigned were:

1st. The court erred in overruling appellant's demurrer to the second paragraph of appellee's answer;

2d. The court erred in sustaining appellee's demurrer to the second paragraph of appellant's reply; and,

3d. The court erred in overruling appellant's motion for a new trial.

The objections urged to the second paragraph of the answer are, that it neither alleged that the title tendered was good, nor that the tender was kept good by bringing the deed into court. Neither was necessary. This was not an action for specific performance. The appellee was not attempting to specifically enforce the contract, but appellant was seeking a rescission on the ground that the appellee did not and was not able to convey at the time stipulated. The burthen of both propositions was upon him. The first was avoided, and the other denied, by the answer. This was sufficient. Nor was

it necessary to bring the deed into court. It was enough to show that appellant was not in default. *Melton* v. *Coffelt*, 59 Ind. 310, is relied upon to support appellant upon this proposition. · That was an action to enforce the specific performance of a contract, and for that reason is not in point. Had the appellee attempted to collect the remaining $2,700, the case would have been different; but, as he was merely seeking to prevent the appellant from recovering the money already paid, he was only bound to show himself not in default. The demurrer was, therefore, properly overruled.

The demurrer to the second paragraph of the reply was correctly sustained. This paragraph was a departure. The ground of the second paragraph of the complaint was, that the appellee did not and could not convey the title at the time stipulated, and for that reason the appellant elected to rescind the contract. The reply does not support this ground. It shifts the ground by alleging that the appellee, after the commencement of the suit, sold and conveyed the property to another. This made a new ground for the rescission of the contract, but it in no manner supported the ground taken in the complaint. If the appellant desired to avail himself of this fact, he could have done it by supplemental complaint, but not by a reply, and therefore this demurrer was properly sustained.

The motion for a new trial embraced fifteen different reasons. Among others, it was insisted that the finding was not supported by sufficient evidence; and upon an examination of the record, we concur with the appellant in this position. We have no brief from the appellee, and therefore do not know what view the trial court took of this question.

In support of the issue formed upon the second paragraph of the complaint, the appellant read in evidence a deed made by the appellee and his wife, on the 27th day of January, 1874, conveying the property described in the complaint to Fountain G. Robertson and Milton J. Nickum. The appellee, to

Teal *v.* Langsdale.

prove that he afterward acquired the same property, read in evidence a deed made by the sheriff of Shelby county, Indiana, to him, dated the 22d, and acknowledged the 25th, of March, 1878. From the recitals in this deed, it would appear that the appellant had obtained a judgment of foreclosure against Rebusina Robertson *et al.*, and an order for the sale of the property embraced in such deed, but the decree was not offered in evidence nor its absence accounted for in any way. Some proof was offered that the order of sale could not be found in the clerk's office. Without the decree, the evidence showed the title outstanding, and this fact, with proof of the other material averments which were made, entitled the appellant to a rescission of the contract. The sheriff's deed was a link in the appellee's title, but it did not prove that he had title. This is well established in this State. *Splahn* v. *Gillespie*, 48 Ind. 397; *Nichol* v. *McCalister*, 52 Ind. 586.

The sheriff's deed to appellee and the deed tendered by appellee to appellant did not embrace four lots that appellant insists constitute a part of the mill property. If so, the appellant was entitled to a rescission. As the judgment must be reversed, this question of fact can be settled upon a subsequent trial. Several other questions are argued by the appellant, but as they may not arise upon another trial we will not pass upon them.

For the reasons given, we think the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things reversed, at the appellee's costs, with instructions to grant a new trial, and for further proceedings.