No. 8748.

## LaPlante v. Lee.

EVIDENCE.—*Administrator's Deed.—Title Under.—Recitals.—Judicial Cognizance by Court of its own Records.*—One who asserts title to land under an administrator's deed must show the proceedings in court whereby the making of the deed was authorized. This can not be shown by the recitals in the deed; nor can judicial cognizance be taken of such proceedings because had in the same court in which the deed is offered in evidence.

SAME.—*Deed Shown to be Mortgage.—Burden of Proof.—Practice.*—If one against whom a deed has been put in evidence, although himself the grantee, would claim it to be a mortgage only, he must offer proof of the fact.

PARTITION.—*Defence that Petitioner is Sole Owner.—Pleading.*—It is a good defence to a petition for partition, provable under the general denial, that the petitioner is the sole owner of the premises.

NEW TRIAL.—*Surprise.—Practice.*—An application for a new trial, on account of surprise at the loss of papers in the proceedings of an administrator to sell land, which does not show an intention to have used the papers on the trial, nor diligent search, nor why a postponement was not asked, nor that if produced the papers would have been material and advantageous to the applicant, was properly overruled.

From the Knox Circuit Court.

*W. F. Pidgeon,* for appellant.

*H. Burns,* for appellee.

WOODS, J.—Action for partition of real estate. The ap-

pellant was the plaintiff and claimed to own the undivided two-thirds, deriving his title through a deed made by the administrator of the estate of Patrick Lee, and that the appellee owned the remainder as widow of the said. Patrick.    The appellee answered by a general denial.

The questions presented arise under the second specification of error—the overruling of the motion for a new trial.

The appellant insists first that, on the evidence, he was entitled to a verdict; but there are two reasons why he was not.

*First.* While he put in evidence a deed from the administrator to himself for the land, as alleged, he failed to make any proof of the proceedings in court, whereby the administrator was authorized to make the sale; and notwithstanding, according to the recitals of the deed, it was made upon the order of the same court in which the trial was had, the court could not, as appellant assumes it should have done, take judicial knowledge of the proceeding.    *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549.    The party who produces such a deed must show that its execution was authorized.    *Armstrong* v. *Jackson*, 1 Blackf. 209 (12 Am. Dec. 225); *Huddleston* v. *Ingels*, 47 Ind. 498.

*Second.* The appellee put in evidence a deed of conveyance for the lots in question made to the plaintiff by her husband before his death, in the execution of which she had joined. The appellant objected to the introduction of this deed in evidence, on the ground that it was in fact only a mortgage. The court, however, could not accept such an objection as true, and properly admitted the evidence.    It was then doubtless competent for the appellant to have shown, if he could, that the instrument was only a mortgage; but he offered no evidence in that direction, leaving the court bound to treat the instrument, for the purposes of the case, as being what it seemed to be.

The appellant asked a new trial, on the ground of surprise in respect to the papers, upon which the administrator obtained the order for the sale of the land, being off the files

and inaccessible for use on the trial; but the showing is plainly defective, for not containing a statement that he had intended to use the papers, if he had had them, for not showing diligence in search, or why a postponement of the trial, for the purpose of making search, was not asked, and that, if intro-duced, the papers would have established the validity of the administrator's sale and conveyance.

Judgment affirmed, with costs.