No. 17,016.

BURT ET AL. *v.* HASSELMAN.

TITLE.—*Judicial Sale.—Authority to Make.*—Title under a judicial sale can not be maintained without an affirmative showing that the sale was made upon a writ authorized by the judgment.

SAME.—*Judicial Sale.—Authority to Make.—Deed.*—While the deed may be evidence of the sale, yet it is not evidence of the power or authority to make it.

NOTICE.—*Of Issuance of Precepts for Street Assessments.—Validity of. —Error in Amount of Assessment.*—The notice of the issuance of precepts for street improvements is not invalid as to an assessment, where the notice states the amount of assessment at $32.10 instead of $32.20, the correct amount, as the law does not observe trifles, and the error not being such as to deceive or control the action of one of ordinary business capacity.

From the Marion Circuit Court.

*W. H. H. Miller, F. Winter* and *J. B. Elam,* for appellants.

*M. Moores,* for appellee.

HACKNEY, C. J.—The appellee sued to quiet his title to the lot in question, and the issue in this court arises upon a special finding made by the trial court.

Both the appellee and the appellant Doretta Burt claim title from Dion Boucicault, the latter through sales for delinquent taxes and public improvements, and the former under a judicial sale in attachment proceedings.

The special finding, in stating the source of the appellee's title, finds a judgment and a deed in favor of, and to, the appellee, and that said deed contained a recital "that said real estate had been sold by the sheriff upon the judgment aforesaid, on the 1st day of August, 1885, to said Hasselman, for the sum of $151.32, and that said sale had not been redeemed."

No fact is found as to the issuance of, or sale under, any

writ upon said judgment. If, as appellants insist, title under a judicial sale can not be maintained without an affirmative showing that the sale was made upon a writ authorized by the judgment, this judgment must be reversed.

That it can not be maintained, is a rule expressly held and recognized in this State for more than seventy years. *Armstrong* v. *Jackson,* 1 Blackf. 210; *Frakes* v. *Brown,* 2 Blackf. 295; *Roe on Demise* v. *Ross,* 2 Ind. 99; *Carpenter* v. *Doe on Demise,* 2 Ind. 465; *Mercer* v. *Doe on Demise,* 6 Ind. 80; *Brownfield* v. *Weicht,* 9 Ind. 394; *Lewis* v. *Phillips,* 17 Ind. 108; *Evans* v. *Ashby,* 22 Ind. 15; *White* v. *Cronkhite,* 35 Ind. 483; *Huddleston* v. *Ingels,* 47 Ind. 498; *Splahn* v. *Gillespie,* 48 Ind. 397; *Vandever* v. *Hardy,* 51 Ind. 499; *Nichol, Admr.,* v. *McCalister,* 52 Ind. 586; *Shipley* v. *Shook,* 72 Ind. 511; *Turner* v. *First Nat'l Bank, etc.,* 78 Ind. 19; *Teal* v. *Langsdale,* 78 Ind. 339; *La Plante* v. *Lee,* 83 Ind. 155.

In the cases above cited, of *Armstrong* v. *Jackson; Nichol, Admr.,* v. *McCalister,* and *Teal* v. *Langsdale,* it was held indispensable to such title that the writ be shown.

The reason for the rule is that a valid sale must be supported by power and authority to make it. The officer making a sale, as said in *Armstrong* v. *Jackson, supra,* derives his power from the writ, and the authority of the writ to warrant the sale is derived from the statute. The requirement of the rule does not involve a question of mere irregularities in the execution of the power conferred by the writ, and, therefore, matters of notice, appraisement, offering in parcels, and return of the writ will be presumed regular until the contrary appears affirmatively. This is the character of the holding in the cases cited by the appellee. *State, ex rel.,* v. *Salyers,* 19 Ind. 432; *Culbertson* v. *Milhollin,* 22 Ind. 362; *Ferrier*

Burt *et al. v.* Hasselman.

v. *Deutchman*, 81 Ind. 390. In addition to the principles in the foregoing cases, as we have announced them, it was expressly held in *LaPlante* v. *Lee, supra*, that the recitals in a deed, under a judicial sale, are not evidence of the authority to make the sale. While the deed may be evidence of the sale, it is not evidence of the power or authority to make it.

The title of the appellant Doretta Burt derived from the sale for street improvements is said to be invalid from the fact that the notice of the issuance of the precepts (R. S. 1881, section 3165; R. S. 1894, section 3628), stated the amount of the assessment at $32.10 instead of $32.20, the correct amount. The notice required was to enable the owner to pay the assessment without sale or to appeal and contest the assessment.

The notice of sale required by the statute follows that above referred to, and gives the property-owner an additional opportunity to pay the lien and save his property. If the understatement of the amount of the assessment for which the precept was issued were in such sum as to control the action of the property-owner, either as to the payment of the amount or in appealing from the assessment, the error would involve very serious consideration; but since the difference is so insignificant it is not, in our opinion, of such importance as to influence the conduct of the owner of the property or affect the validity of the subsequent sale and title. If of any influence, it would have been to induce payment instead of default, and it was not of such consequence as to suggest affirmative resistance by appeal. We do not hold that a strict compliance with the statute, with respect to the notice of precepts, is not necessary to the validity of such sales, but any departure sufficient to overturn titles under such sales must be of such importance as to invite the attention of the law, and resist the maxim, *de minimis*

Burt *et al.* v. Hasselman.

*non curat lex* (the law does not observe trifles). This maxim is given application where liens for public improvements and for taxes are sought to be enforced on the one side and to be avoided on the other. *Workman* v. *City of Worcester,* 118 Mass. 168; *Huntington* v. *Winchell,* 8 Conn. 45; *Spencer* v. *Champion,* 9 Conn. 535; *Kelley* v. *Corson,* 8 Wis. 182; *O'Grady* v. *Barnhisel,* 23 Cal. 287; *Thatcher* v. *The People,* 79 Ill. 597.

In the California case a tax deed for real estate sold for $57.68 instead of $57.62½, the contract amount, was sought to be avoided. The court said: "The respondent insists, however, that the overplus in this case is so small that the sale should not be invalidated on that ground, and that the maxim *de minimis non curat lex* is properly applicable. We are satisfied that we ought not to treat the sale as void for this trifling excess. If we could in any way see that the owner of the land had suffered any injury by the mistake in the estimate by the tax collector of the amount due, it would be very different. * * * The mistake may have occurred in the calculation, or it may have occurred by an error in making or copying the figures. But it is evident that it was unintentional, and without any design to injure the parties interested. * * * If this had been a sale under an ordinary judgment and execution, it could not be pretended for a moment that the sale would have been void on this account."

In the case before us, where the property received the benefit of the improvement for which it was sold, where the sale was for the proper sum, and where the error was not such as to deceive or control the action of one of ordinary business capacity, there is stronger demand for the application of the maxim than in the California case. There is in this case no intermediate ground between the validity and the invalidity of the appellant's

title, and upon which we may hold the error insufficient to render the title wholly void and yet sufficient to secure the appellee's claim of title with a lien in appellant's favor for her payments with interest and costs. When we refuse to observe the trivial objection to the appellant's title, we find that the statute as to notice has been strictly complied with, and that the appellant's title is valid.

The judgment of the lower court is reversed, with instructions to restate its conclusions of law in accordance with this opinion.

Filed Nov. 15, 1894.