## Ex parte, McCormick.

*In the matter of proving the last will and testament of* John McCormick, *deceased.*

A MUTUAL or conjoint will, executed according to the Danish law, by husband and wife, then resident in a Danish colony, is valid, though not attested according to the laws of New York.

Such an instrument may be admitted to probate here, on original proof of the handwriting of the parties, notwithstanding there are no subscribing witnesses.

The law of the testator's domicil at the time of his decease, governs in respect to his testamentary *capacity*—so far as relates to moveables. But in regard to the *solemnities and forms* requisite to the due execution of a will of personalty, if the method of execution conform both to the law of the domicil at the time of execution, and to the law of the the place where the act is performed, the will continues valid, though

there be a subsequent change of domicil, and by the laws of the new domicil different forms are required.

A provision in a mutual will, that the survivor shall remain in full possession of all the estate, without the interference of any court, has the effect of devolving upon the survivor the whole administration of the estate. It is a constructive executory appointment according to the the tenor.

THE SURROGATE. This is a conjoint or mutual will, executed by the decedent and his wife, at the island of St. Croix, a Danish colony, where the parties were then resident. The instrument received the usual official confirmation, at the time of its execution, and since the death of the testator, his widow has been admitted to the succession of his property under the will, by the decree of the Royal Dealing Court at Christianstadt. The testator died at New York, and the will not having been subscribed or acknowledged in the presence of subscribing witnesses, according to the requisitions of our law, cannot be sustained unless on the ground of its validity according to the foreign law. This instrument was executed in conformity to the Danish law, and though the decree of the Dealing Court, being made on the production of a copy of the testament, and being a mere admission of the widow to the right of succession, is not such a probate of the will as would justify its proof here on the certificate of those proceedings, yet there is no reason why original proof should not be taken before me. The effect of a *change* of domicil, after a will of moveables has been made in pursuance of the forms required by the laws of the first domicil, but not in conformity to the law of the last domicil, has been the subject of some difference of opinion among the civilians. The rule appears now to be well established, that the law of the testator's domicil at the time of his decease, governs as respects his testamentary capacity. (*Story, Conflict of Laws,* § 473.) But in regard to the solemnities and forms pursued, if they agree both with the law of the domicil at the time of execution, and the law of the place where the act is per-

formed, the continental jurists are agreed that the act is valid, though there be a subsequent change of domicil, and by the law of the new domicil, different forms are required. (*Burge's Com. For. & Col. Law*, 4 *p.* 581, *et seq.*) Some provisions of our statute recognise the *lex loci actûs*, in regard to wills of personal estate, " duly executed by persons residing out of this state, according to the laws of the state or country in which the same were made " (2 *R. S.*, 3*d edition, p.* 132, § 83, 84); and in respect to such instruments, authority is given to the Surrogate on the production of the foreign probate, to issue letters testamentary thereon. These sections admit the validity of certain instruments executed according to the *lex loci actûs*, though they do not justify the idea that the law of the place where a will happens to be made, exclusively prevails so as to render a will invalid that was executed in conformity to the law of the testator's domicil. They were probably designed merely to recognise the validity of wills of persons residing abroad, executed according to the law of the place of execution, and not to be a general adoption of the *lex loci actûs* where the will has been executed according to the *lex domicilii*. However this may be, it is very clear that they are not inconsistent with the rule of the civilians, that the foreign testament made according to both the *lex loci actûs* and the *lex domicilii*, is valid.

In the present case, therefore, it is immaterial whether the decedent, at the time of his death, had become a resident of New York or not. When he was domiciled at St. Croix, he made his will there, conformably to the Danish law, and it was a valid act, unaffected even by a subsequent change of domicil, if one occurred. Though there were no subscribing witnesses to the will, therefore, as required by our statute, the will was made in due form, and the subscription of the testator having been satisfactorily proved, it must be admitted to probate.

The will declares, that the survivor, during his or her natural life, " shall remain in full and undivided possession"

of all the estate, "real or personal, landed property or moveable, nothing whatsoever excepted, without any interference of the Dealing Court or any other authority." This is a common, if not usual provision, in the mutual wills made according to the course of the civil law, and its effect is to devolve upon the survivor the whole administration of the estate. It is a constructive appointment of the survivor, to be executor—an authority implied from the general bequest of the entire estate, "in full and undivided possession." The widow may, therefore, qualify as executrix according to the tenor.