JOSEPH W. LEWIS AND ANOTHER *vs.* ASHBEL SCOFIELD
AND ANOTHER.

A will may be valid, notwithstanding the fact that it is executed jointly by two persons, if it undertakes to operate only as the will of the one who shall first die, and only upon the estate of that one.

Therefore, where two sisters A and B, jointly executed an instrument of the following form:—" We, A and B, make this, our last will and testament, in manner and form as follows, viz., that in the event of the death of either of us, testators, the surviving sister shall have and hold for her own use and benefit, to dispose of in any manner that shall seem most expedient, all of the real and personal estate we shall be possessed of,"—which instrument was executed by them in due form as a will,—it was held that the instrument, construed according to the legal effect of its language, undertook to operate only as the will of the sister who should first die, and only upon her estate; and that, upon the death of the sister who first died, it was valid as her will.

APPEAL from probate.

The appellees as heirs at law of Lodema Hoyt, appealed from a decree of the court of probate approving a certain instrument as her last will.

The appellees were the legal representatives of Polly Hoyt, a sister of the said Lodema who died after the decease of the said Lodema.

The instrument so approved as the will of Lodema Hoyt was as follows :

" We, Polly and Lodema Hoyt, both of the town of New Canaan, county of Fairfield, and state of Connecticut, of sound disposing mind and memory, do make and ordain this our last will and testament, in manner and form as follows, viz : That in the event of the death of either of us, testators, the surviving sister shall have and hold for her own use and benefit, to dispose of in any manner whatever that shall seem most expedient, all of the real and personal estate we shall be possessed of.   In testimony whereof we have here-unto jointly set our hands, this 2d day of July, A. D. 1842.

Polly Hoyt.     (Seal.)<br>Lodema Hoyt.   (Seal.)

" Sealed, signed, pronounced and published by the said Polly and Lodema Hoyt as their last will and testament,

who in their presence and in presence of each other, have hereunto subscribed our names. N. D. Haight, R'd Cock, Phebe Haight, witnesses."

The appellants, in assigning their reasons for appeal, alleged that the instrument in question, by reason of its having been made in the manner and form in which it was made, was not valid ; and upon a demurrer to the assignment of reasons of appeal, the question whether the will was invalid or not by reason of its form, was reserved for the advice of this court.

*Hawley*, for the appellants.

The instrument is not a valid will. 1 Jarman on Wills, 27. *Hobson* v. *Blackburn*, 1 Add. Eccl., 274. *Earl of Darlington* v. *Pultney*, Cowp., 260. 1 Wms. Exrs., 9.

*Ferry*, for the appellees.

1. Not only the legal formalities, but the essential requisites of a valid will, are in Connecticut prescribed by statute. Rev. Stat., tit. 14, §§ 1, 2, 4. The present will is in perfect accordance with the statutory requirements.

2. The appellants insist that because two persons executed the instrument as their will, it is void. It would be enough to say, in reply to this, that such an objection is unknown to the law of Connecticut. But the English cases merely show that when there are mutually dependent bequests in such a will, and one party revokes, it may be void as the will of the other. 1 Wms. Exrs., 66. But the mere fact of mutuality does not avoid a will in England. 1 Wms. Exrs., 93. In this case the sisters made this will with its one general bequest, and both have since died without any effort at revocation on the part of either.

3. The will though joint in form is, after all, the separate will of the sister that should first decease. It can have an operation but once, viz., upon the death of the sister first dying, when it gives the property of that sister to the survivor. There is no reason why it may not be regarded as the several will of that sister.

HINMAN, J.   The question in this case is, whether the will of Polly and Lodema Hoyt, which was executed by them jointly, and disposed of all the estate of the one who should first die, to the survivor, is valid.   The will has all the formalities prescribed by statute for a valid will, and although in point of form it is a joint will, executed by two, yet as it disposes only of the estate of the one who may first die, its legal operation, if valid, is the same as if each had made a separate will disposing of the estate of each to her sister in case of her surviving her.   It is not, therefore, the case of a joint will attempting to dispose of a joint estate to some third party, and to become operative only on the death of both, but is rather, as just suggested, in the nature of two separate and distinct wills.

In Williams on Executors, p. 9, it is stated as an essential difference between a will and a deed, that there can not be a joint or mutual will; an instrument of such a nature being unknown to the testamentary law of the country.   This proposition is supposed to be sustained by a remark of Lord Mansfield, in giving the opinion of the court in the case of *The Earl of Darlington* v. *Pultney*, (Cowp., 260,) " that there can not be a joint will," which is referred to by Jarman, as well as by Williams, as a controlling authority on the point. The remark however was not at all necessary to the decision of the case, which turned upon the question whether a power in two persons and the survivor of them, by their deed or deeds to limit an estate, was properly executed by the will of the survivor, and the court held that it was not.   Now in that case, if the power had been executed in the life time of both the persons in whom it was vested, it must have been executed by them jointly ; and the remark was made for the purpose of showing that the power could only be executed by deed ; and as applicable to such a point, the remark was undoubtedly correct, because the act was a joint one, which was required to be done by both jointly ; and as a will takes effect only on the death of a testator, the legal effect of the instrument, whatever the form of executing it might be, must necessarily be separate and distinct, and could not be joint.

In this sense, therefore, it is true, no doubt, that there can not be a joint will.

In this case the will does not profess to have any operation except upon the property of the sister who may first die. And when the will took effect by the death of one of them, it was clearly her will that her surviving sister should take her estate. Why should the circumstance that her sister executed the will with her, be permitted to affect this disposition in any way ? Their estates were independent of each other. Each had full control of her own, and no control whatever over her sister's. Why should an act of one sister, which would be wholly nugatory if attempted to be done by any other instrument, and which is equally nugatory in this so far as it attempts to dispose of property not belonging to her, be suffered nevertheless to defeat the plain intention of the other sister, legally expressed ? It appears to us that it ought not to have such an effect. We do not see how, as respects the property of each, the instrument is any the less the will of either, because it was executed jointly with her sister. In Maine it has been held that a will is not void because it was executed jointly by husband and wife ; and although the wife in that case had no property of her own to dispose of, yet, as it is obvious that her will could have no operation upon his estate, whether she had any property to dispose of or not, we do not see that that circumstance is of any importance. Her joining with her husband in his will was treated as a nullity, and it is equally so as respects his estate, whatever may be her own condition as to property. In substance, therefore, the case was identical with the one now under consideration.

The case of *Hobson* v. *Blackburn*, 1 Add., 277, is also cited by Williams and by Jarman, in support of the proposition that there can not be a joint or mutual will. But all which that case proves is, that mutual irrevocable wills can not be made. The case arose on the offering or propounding, as it is called in the report, of such a will to the court, and it was rejected, and a separate will of the same decedent of a later date was in effect established. We do not therefore con

sider the authorities as at all decisive against the probate of such an instrument as is before the court in this case ; and as the point has not to our knowledge ever been raised before in this state, we feel at liberty to decide it upon the reason and good sense of the case, as it appears to us. We therefore advise the superior court to establish the will by approving and affirming the decree of probate appealed from.

In this opinion the other judges concurred.

Decree of probate to be affirmed.

## SUPREME COURT OF ERRORS.

LITCHFIELD COUNTY, OCTOBER TERM, 1857.

Present,

STORRS, C. J., HINMAN AND ELLSWORTH, Js.