WARD *et al. v.* BENNETT *et al.*

PLEADING.—Where two defendants join in a plea which is sufficient only as to one of them, it will be bad as to both.

Where a set-off is pleaded, the character of the indebtedness proposed to be set-off should be fully stated.

Where the maker and indorser of a note, sued together, join in an answer, averring that the note was given by the maker for his own debt, and indorsed by the other for his mere accommodation, of which the plaintiff had notice when he took the note, and that the plaintiff was in fact the original payee, and that the note is not governed by the law-merchant, and that due diligence has not been used to collect the same of the maker, such answer will be bad as to both, although it would be good as to the indorser if pleaded by him alone.

APPEAL from the *Tippecanoe* Common Pleas.

DAVISON, J.—The appellees, who were the plaintiffs, sued *Thomas B. Ward,* the maker, and *William P. Ward,* the indorser, of a promissory note for the payment of 155 dollars and 40 cents. The note and indorsement thereon are as follows:

"*Lafayette, September* 1, 1858.

"Four months after date, I promise to pay to the order of *William L. Ward* 155 dollars and 40 cents, payable at the *Reynolds Bank, Lafayette, Indiana,* with interest, and exchange on *Pittsburg,* value received, without any relief whatever from the appraisement laws.

"THOMAS B. WARD."

Indorsed—"Pay *Graff, Bennett & Co.,* or order."

"WILLIAM L. WARD."

The defendants answered the complaint by two paragraphs: 1. That the note was given by *Thomas B. Ward,* as principal, and that *William L. Ward* was a mere accommodation

Ward et al *v.* Bennett et al.

indorser, of which the plaintiffs had full notice when they took the note; that they, the plaintiffs, were in reality the original payees; that the note is not governed by the law-merchant, and that due diligence has not been used to collect the same from *Thomas B. Ward.*

2. That the averments in the first paragraph are true; that the plaintiffs owe *Thomas B. Ward* 200 dollars, which is here pleaded by way of set-off, and they adopt the averments of the first paragraph in this.

To these paragraphs demurrers were sustained, and the defendants excepted. Final judgment was given for the plaintiffs.

The errors assigned relate, alone, to the action of the Court upon the demurrers. The first paragraph evidently constitutes no defence as to *Thomas B. Ward,* the maker of the note, and must, therefore, be held insufficient as to both defendants, because the rule is well settled that where "two defendants join in a plea which is sufficient for one, but not for the other, the plea is bad to both." 1 Chitty Pl. p. 557; Stephen on Pl. p. 407; 3 Blackf. 421, 429; 9 Ind. 394, 397. The second paragraph is also defective, because of uncertainty. It alleges simply "that the plaintiffs owe *Thomas B. Ward* 200 dollars, without setting forth the particulars of the demand sought to be set-off. *Fugit* v. *Ewing,* 9 Ind. 347, decides that "where a set-off is pleaded the character of the indebtedness proposed to be set-off must be shown." This authority is peculiarly in point, and decisive against the validity of the defence in question.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*John A. Stein,* for the appellants.

*George Gardner,* for the appellees.