No. 8322.

BRANNOCK *v.* STOCKER, ADMINISTRATOR.

WILLS.—*Bequest for Life with Remainder Over.*—*Possession of Personal Estate.*—Where, in a will there is a general bequest of the residue of the testator's estate, both real and personal, for the life of a legatee, with remainder over, such legatee is not entitled to the possession of the personal estate, but the same shall be invested by the executor or administrator, with the will annexed, under the direction of the court, and the interest or income paid to the legatee for life.

From the Madison Circuit Court.

*J. A. Harrison, R. Lake, E. P. Schlater* and *W. March,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

MORRIS, C.—The appellant filed her complaint in the Madison Circuit Court, stating that she is the widow of James Brannock, who died testate, on the —— day of ——, 18—; that, by his last will and testament, the said James Brannock bequeathed and devised to her, for and during her natural life, after the payment of his just debts and funeral expenses, all his property, both real and personal, and directing that, at her death, the same should be sold, and that two hundred dollars of the proceeds should be paid to his nephew, and the balance divided equally among his brother and sisters; that the appellee had been appointed by said court, in 1875, administrator, with the will annexed, of the estate of said James Brannock; that all the debts of said estate, including the funeral expenses, had been paid

by the appellee as such administrator, leaving in his hands, in notes and money, belonging to said estate, $1,025.25 ; that the appellee, as such administrator, had reported these facts to said court, and that he could take no further steps in discharge of his duty, as such administrator, until the death of the appellant. She further stated that she had demanded of the appellee, as such administrator, the possession of the assets in his hands, but that he had refused to deliver to her the possession of the same, on the ground that she was not, under the terms of said will, entitled to such possession. A copy of the will of James Brannock is filed with and made a part of the complaint, and so much of it as bears upon the question presented for decision is in these words :

"Item 1. I give and bequeath to my beloved wife, Sally Brannock, after the payment of my just debts and funeral expenses, all my property, both real and personal, during her natural life, provided she survives me ; and, at her decease, I will and direct that all the means, rights, credits and effects, property, real and personal, be sold.

"Item 2. And I further will and direct that two hundred dollars of the proceeds arising therefrom be first given to James Brannock, Jr., my nephew, and son of Anderson and Milla Brannock, and the residue, it is my will and desire, be divided equally, share and share alike, between my brother and sisters."

To this complaint the appellee demurred. The demurrer was sustained, and, the appellant electing to stand by her complaint, judgment was rendered for the appellee. The ruling upon the demurrer is assigned as error.

The language of the will of James Brannock is not ambiguous or of doubtful meaning. The gift to the appellant is by way of a general bequest of the residue of the testator's estate for her life, with remainder over. There is no specific bequest to her. It does not appear from the facts

stated in the complaint from what source the assets in the hands of the appellee were derived. The inference from the facts is, that they constituted a part of the personal estate of the testator. In such case, the rule is that the legatee for life is not entitled to the possession of the personal assets, but that the same shall be invested by the executor or administrator with the will annexed, under the direction of the court, and the interest or income paid to the legatee for life.

In the case of *Covenhoven* v. *Shuler,* 2 Paige, 122, substantially this case, the Chancellor says : ''Where there is a general bequest of a residue, for life with a remainder over, although it includes articles of both descriptions'' (that is, grain and annual products of land, such as hay, etc., consumed in the use of them, and articles not thus consumed), ''as well as other property, the whole must be sold and converted into money by the executor, and the proceeds must be invested in permanent securities, and the interest or income only is to be paid to the legatee for life.''

It appears from the complaint in this case that the property which the appellant is seeking to recover consists of money and notes. It does not appear but that these assets are productive, and that the appellee is paying to her the income of the same. This he should do, and it is all that she should demand. If the appellee has failed, or shall fail, in the discharge of his duty, the appellant is not without remedy. If he fails to render the fund productive, and pay to her the income, or suffers it to become endangered, the court, upon her application, would compel him to perform his duty in this respect, or discharge him at once and appoint another trustee.

It was formerly held, that, when the legatee for life offered ample security for the protection of those in remainder, the assets would be delivered to him ; but this rule, it is said in the case above cited, no longer prevails.

There was no error committed by the court below.

The judgment of the court below should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellant.