No. 10,958.

### BLACK ET AL. *v.* RICHARDS ET AL.

·PARTITION.— *Will.— Copy.—Pleading.—Several Defences can not be Pleaded
    Jointly.*—In an action for the partition of real estate, the several defend-
    ants answered jointly, alleging title in one of them only under a certain
    will, made part of the answer by copy.
*Held,* on demurrer, that the will was not the foundation of the defence, but
    only evidence; and that, as the answer showed title in only one of the
    defendants, it was insufficient as a joint answer.
SAME.—*Joint Will by Owners in Common.*—Owners in common  may  dispose
    of their common property by a joint will, and, upon the death of both,
    leaving the will unrevoked, it can be admitted to probate.
SAME.— *Uncertainty of Description.—Evidence.*—A will, attempting to devise
    real estate, described it as follows:  "The west half of the southwest fr.,
    section (19) nineteen, township (22), range (1 W.), contain (72) seventy-
    two and (40) hundredths acres," but it did not name the state or county,
    nor whether the township was "north" or "south."
*Held,* that, under the modern rule, that the thing devised may be identified
    by parol evidence, the will is not void for mere uncertainty of description.

From the Clinton Circuit Court.

*J. Claybaugh* and *B. K. Higinbotham,* for appellants.

*S. H. Doyle, P. W. Gard, R. P. Davidson* and *T. H. Palmer,*
for appellees.

NIBLACK, J.—The complaint in  this  case  charged  that
Isaiah  Black,  Priscilla  Pedlow  and  Amanda  Crone  are  the
owners  of  three  undivided  fifth  parts  of  a  tract  of  land  in
Clinton  county,  particularly  describing  it,  and  that  Lydia
Richards and Elihu Black are together the owners in equal
proportions of  the remaining two undivided fifth parts of the
same land;  that the plaintiff Thomas Pedlow is the husband
of  Priscilla  Pedlow,  and  that  Robert W. Crone,  the  remain-

ing plaintiff, is the husband of Amanda Crone; that William W. Richards, in his own right, and John J. Richards, as the administrator of the estates of Elizabeth Black and Ann J. Black, deceased, with the will annexed, claim some interest in the land adverse to the plaintiffs. Wherefore partition and all other proper relief were demanded.

Lydia Richards, William W. Richards and John J. Richards answered: *First.* In denial. *Second.* That the said Elizabeth Black and Ann J. Black were, during the last years of their joint lives, the owners in fee simple, and tenants in common, of the land described in the complaint; that on the 19th day of July, 1879, the said Elizabeth Black and Ann J. Black executed a will, by the terms of which the survivor was to have and to hold said land during her life, and after the death of both of them, such land should become the property of the defendant William W. Richards in fee simple; that the said Ann J. Black died in August, 1879, and the said Elizabeth Black died on the 6th day of September, 1882; that said will was duly admitted to probate on the 12th day of said last named month, a copy of which will was filed with the answer.

The plaintiffs demurred to this answer, but their demurrer was overruled, and, declining to plead further, final judgment was rendered against them upon demurrer.

The will does not, within the meaning of the code, constitute the foundation of the defence attempted to be set up by the answer. It is not an instrument purporting to have been executed by the plaintiffs, or any of them, or to be personally obligatory upon them, or any of them. *Noble* v. *McGinnis*, 55 Ind. 528; *Parsons* v. *Milford*, 67 Ind. 489. Construing everything most favorably to the defendants, the will affords the only evidence tending to establish title in William W. Richards to the land in dispute.

Written instruments, which are merely to be used as evidence, are not required to be filed with the pleadings in a cause, and do not become a part of any pleading by being

filed with it. R. S. 1881, section 362; *Cassaday* v. *American Ins. Co.*, 72 Ind. 95, and cases cited by it; *Sedgwick* v. *Tucker*, 90 Ind. 271.

As the filing of a copy with the answer in this case did not make the will a part of that pleading, it follows that the demurrer did not raise any question, either upon the validity or the construction of that instrument in the circuit court, and that this appeal brings no question to this court touching the manner of its execution or legal effect of the will. The will being thus, in legal effect, eliminated from the answer, there remains only an averment of title in William W. Richards as a defence to the action. This is as to him only an argumentative denial of the facts charged in the complaint, and is no defence for the remaining defendants, who join in the answer without asserting any interest in the land. It is an old and well recognized rule in pleading that a plea which is bad in part is bad *in toto*, and that hence, where two defendants join in a plea which is insufficient for one, it is bad as to both. 1 Chitty Plead. 567; *Poulk* v. *Slocum*, 3 Blackf. 421. This rule has been held to be applicable to answers under the code of 1852, and applies with equal force to that class of pleadings under the code of 1881. *Brownfield* v. *Weicht*, 9 Ind. 394; *Ward* v. *Bennett*, 20 Ind. 440. The demurrer to the answer ought to have been sustained.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed Nov. 27, 1883.

### ON PETITION FOR A REHEARING.

NIBLACK, J.—The alleged will, referred to in the foregoing opinion, is as follows:

" July 9th, 1879.

" In the name of the Benevolent Father of all, I, Elizabeth, and Ann Jane Black, do make and publish this our last will and testament. Item 1st. The west half of the southwest fr., section (19) nineteen, township (22), range (1 W),

contain (72) seventy-two and (40) hundredths acres. It is our desire and wish and request, that on the death of either of us, that the remaining survivor is to have and to hold the above described land during her lifetime, undivided and unsold, for her own use and benefit. After the death of Elizabeth and Ann Jane Black, the above described lands are to be given, by our devise and wish, to William W. Richards. The said William W. Richards is to pay to his brother John J. Richards the sum of $800, and to our beloved sister, Lydia Richards, two hundred dollars ($200), one bed and bedding, and one cow. To our beloved sister, Amanda Crone, twenty-five dollars ($25), and a bed and bedding, and to our brother, Isaiah Black, the sum of five dollars ($5). Our sister Priscilla Pedlow is to have five dollars ($5).

"We devise and bequeath to the United Presbyterian Church the sum of $100, to be paid by William W. Richards. The above named William W. Richards is to have and to hold all the personal property not otherwise disposed of, and the said William W. Richards is to pay all funeral expenses."

This instrument purports to have been signed by the said Elizabeth Black and Ann Jane Black, and published as their will, in the presence of two subscribing witnesses, in the usual form, and to have been duly proven and admitted to probate on the 12th day of September, 1882, as averred in the answer ruled upon in the original opinion.

Counsel for the appellants, as well as the appellees, have united in a request that we shall pass upon the question of the validity of the instrument so purporting to be the last will and testament of the persons who executed the same, upon the theory that it had been properly made a part of the answer in the cause, and with the view of preventing further litigation, and especially of saving the necessity of another appeal to this court. We have consented to comply with the request thus made.

It is objected: *First.* That there can not be a conjoint or

mutual will; that such a will is unknown to the testamentary law of this country. *Secondly.* That the instrument before us is void because of uncertainty in the description of the real estate it assumes to dispose of in the manner and form therein prescribed.

It seems to have been once recognized as a rule in the testamentary disposition of property, that neither a joint nor a mutual will could be made effectual for such a purpose; but more recently that rule has been very much modified, and can no longer be held to be one of general application.

On that subject Williams on Executors, at page 11, says: " But there are several authorities which appear to show that this doctrine does not go farther than to deny that a conjoint or mutual will can be made with the characteristic quality of being irrevocable, unless with the concurrence of the joint or mutual testators. Such a will is certainly revocable. But if either of the testators dies without revoking it, the will is valid and entitled to probate as far as respects his property. Where, however, two testators made a joint will containing devises and legacies to take effect after the decease of both of them, it was held that probate could not be granted of the will during the lifetime of either."

In Jarman on Wills it is said, that " Two or more persons may make a joint will, which, if properly executed by each, is, so far as his own property is concerned, as much his will, and is as well entitled to probate upon the death of each, as if he had made a separate will. But a joint will, made by two persons, to take effect after the death of both, will not be admitted to probate during the life of either." 1 Jarm. Wills, 31.

These extracts comprise a mere summary of what has been decided in certain leading cases touching the subject of conjoint or mutual wills, and are in accord with the evident weight of modern authority. Applying the doctrine of these extracts to the will under consideration, the objection to it founded upon its conjoint or mutual character can not be sustained. Whether it might have been admitted to probate

after the death of Ann Jane Black as her separate will, and whether it might have been after that event revoked in any manner or to any extent by the survivor, Elizabeth Black, are questions not now involved. *Schumaker* v. *Schmidt,* 44 Ala. 454; *Lewis* v. *Scofield,* 26 Conn. 452; *Wyche* v. *Clapp,* 43 Texas 543.

Not having been admitted to probate until after the death of both of the testatrixes, when it was to take full effect, it was properly admitted as the will of both.

It is claimed that the description of the real estate, assumed to be devised by the will, is incurably, and hence fatally, defective, because no State or county is named, and because it is not stated whether township twenty-two, referred to in the attempted description, is north or south of some base line from which congressional townships are numbered.

A will, as regards the devisee or legatee, is sufficiently certain if the testator has provided means for ascertaining the intended object of his bounty, and in the ascertainment of that object merely extrinsic evidence may in very many instances be resorted to. In that connection, the situation and circumstances of all the parties, and particularly of the testator and his family, sometimes become material. Williams Executors, 1153 and notes.

It is further said in Williams on Executors, on page 1202, that " The rules, which there already has been occasion to state, as to the admissibility of evidence of extrinsic facts, and of extrinsic evidence of intention, in order to enable the court to identify the *person* intended by the testator to be the object of his bounty, are equally applicable, *mutatis mutandis,* as to the admissibility of such evidence for the purpose of making certain the *thing* intended to be bequeathed by him."

In describing the subject-matter of the devise or bequest, parol evidence is admissible to correct a misdescription in some merely subordinate respect. Williams Executors, 1141, 1152, 1153, and notes; *Allen* v. *Lyons,* 2 Wash. C. C. 475.

In matters of description, the rule that everything is con-

sidered certain which may be made certain, is applicable to wills. 2 Redf. Wills, 399, and note; 1 Jarm. 668. Jarman on Wills states the rule to be: "That extrinsic evidence is not admissible to alter, detract from, or add to, the terms of a will, though it may be used to rebut a resulting trust attaching to a legal title created by it, or to remove a latent ambiguity arising from words equally descriptive of two or more subjects or objects of gift." 3 Jarm. Wills, 705. See, also, 1 Redf. Wills, 426, 588.

O'Hara, in his work on the Interpretation of Wills, on page 374, concludes his review of void testamentary gifts, as follows: "The question whether an uncertainty of the description of the subject or objectof a gift by will can be cured or not by parol resolves itself into the *ulterior* inquiry, is the ambiguity so patent as that the testator shows he was aware of it, and that he was leaving a part of his will undeclared in writing? As this is very rarely the case, it follows that at the present day hardly any case of uncertain or erroneous description in a will can occur which may not be remedied by parol."

This conclusion by O'Hara has been criticised as implying a too liberal rule in the admission of parol evidence in the interpretation of wills; but, however that may be, it is seemingly sustained by some decided cases.

From the earliest period in the history of testamentary law, there has been manifested a disposition to apply a more favorable construction to wills than to ordinary legal instruments. Regret has sometimes been expressed at the disposition thus manifested, but the courts have nevertheless continued to countenance that line of judicial policy. It must, therefore, be accepted and acted upon as an established rule of construction at the present time. *Riggs* v. *Myers*, 20 Mo. 239; *Wilkins* v. *Allen*, 18 How. 385; *Cleveland* v. *Spilman*, 25 Ind. 95; *Brownfield* v. *Brownfield*, 12 Pa. St. 136; *Moreland* v. *Brady*, 8 Oregon, 303.

The description complained of in this case describes a

tract of land, but designates it so imperfectly that we can not say, as a matter of judicial knowledge, that it lies within this State. Every congressional township contains a section " nineteen," and there are many such townships in the northwestern States and territories, which are known as number " twenty-two." Considered, therefore, with reference to these extraneous circumstances, the description is ambiguous and imperfect, and hence uncertain in its particular application to the tract of land described in the complaint, or to any other tract lying within this State. This uncertainty is consequently of that species which may be cured by extrinsic evidence, and hence of a character which does not impair the validity of the will.

Whether the ambiguity and imperfection in this description can be best cured, if at all, by suitable averments in an amended answer to the petition for partition, or through the medium of a cross complaint is a question to which our attention has not been directed. But for the reasons given at the former hearing, the second paragraph of the answer, then under consideration, was bad upon demurrer, and on that account the petition for a rehearing is overruled.

