Okey, J.
The construction placed by the majority of the court in Walker v. Walker, 14 Ohio St. 157, on the instrument there in question, viewed in the light of the facts existing at the time of its execution, was that the alleged will should be regarded as simply a compact, joint in form and substance, between Walker and his wife, to treat their several estates as one estate, and jointly dispose of it as such among the objects of their bounty; that it was a matter of negotiation between them, and the disposition which each made of his or her property was influenced and modified by the disposition made of the property of the other; that each devise and bequest was, in fact, made in consideration of each and all the rest; and that it was part of the compact that neither of the parties should revoke or cancel the instrument, or any part of it, without the consent of the other. Moreover, subsequently to the death of Mrs. Walker, Walker, in violation of the agreement, conveyed to others portions of his lands so devised. The majority held that the instrument was not valid as a will; and that the remedy of the devisees and legatees, if they had any, was in equity to enforce the agreement.
Assuming, as we should — more than twenty years having elapsed since the case was decided — that the instrument received the proper construction, we are not disposed to ques *641 tion the decision. But it is said, in the opinion, that the policy of the State, as indicated in our legislation, is opposed to joint wills; and attention is directed to the language of the wills act, which it is said plainly refers to an .instrument to be executed by one person only. It will be seen, however, that our statute is not peculiar in this respect. The provisions of the English statutes and the statutes of the various states, upon the subject, are precisely similar to our own; and the conclusion that they indicate a policy that two or more persons ' may not unite in the same instrument in making their wills, whatever the form of the instrument may be, is only reached by a rigid, and as we think, altogether unwarranted adherence to the mere letter of the statute. The provisions of the statute relating to the execution of deeds are similar, and yet nobody has ever doubted that any number of persons having ah interest in property may join in an instrument conveying it.
The case before us is unlike Walker v. Walker. vAgnep Harper and Penrose Harper were each the owner of. personal propertj’, and they were owners, as tenants in common, of real estate. Each desired to bequeath her personal property to James Betts and John D. Betts, and each desired to devise to them her undivided share of the real estate. They could unquestionably have done this by two instruments, but they could do it as effectually by one. This instrument was, in effect, .the separate will of each. Either could have revoked it, so far as it was her will. On the death of Agnes, in 1872, the instrument might have been admitted to probate as her will ■; and in 1874 it might have been admitted to probate as the will of Penrose; but in 1875 it was properly admitted to probate .as the will of both. The authorities, it.will be seen, are in some conflict, but the view we have stated is supported by reason and the manifest weight of authority. Exp. Day, 1 Bradf. 481; Diez's Will, 50 N. Y. 88; Mosser v. Mosser, 32 Ala. 551; Schumaker v. Schmidt, 44 Ala. 454; Wyche v. Clapp, 43 Texas, 544; March v. Huyter, 50 Texas, 243; Breathitt v. Whittaker, 8 B. Monroe, 530; Lewis v. Scofield, 26 Conn. 452; Evans v. Smith, 28 Ga. 98; Re Siracey, 1 D. & S. 6, 1 Jur., N. S. 1177; Re Maine, 1 S. & T. 144; Re Love *642 grove, 2 S. & T. 453, 8 Jur., N. S. 442; and see Denyssen v. Mostert, 4 L. R. P. C., 236, 8 Moore, P. C. N. S. 502; Gould v. Mansfield, 103 Mass. 408; cf. Clayton v. Liverman, 2 Dev. & Bat. 558; Hershy v. Clark, 35 Ark., 17, 23.

Judgment reversed.