1. WILLS—JOINT EXECUTION.
　　Several persons may execute valid separate wills contained in the same instrument.

2. SAME—VALIDITY.
　　An instrument signed by two persons, which recites that "it is our joint wish and will," and disposes of the property of both after the death of the survivor, is valid, as the will of each party, where it is executed by each with the formalities required by the statute of wills.

Proceeding for the probate of the will of Ernst August Raupp, deceased. Granted.

Frank N. O'Brien, for proponent.
Fernando Solinger, for contestants.

ABBOTT, S. On January 8, 1894, Ernst August Raupp and Louisa Raupp signed a paper, of which the following is a copy:

"We, Ernst August Raupp and Louisa Raupp, hereby certify that it is our joint wish and will: (1) That, after the death of the survivor of either of

us, no one has a right to take anything of our household furniture except Mrs. Elizabeth Christie, as we hereby give to her (E. Christie) as a present all movables; (2) that all moneys, after deducting all debts and expenses, are also given to Mrs. Elizabeth Christie for nursing during our illnesses. Witnesseth by our signatures this January 8th, one thousand eight hundred and ninety-four.                                Ernst August Raupp.

"Louisa Raupp.

"Witness to signatures:
    "Ernst L. Wenz.
    "Charles L. Volk."

Ernst and Louisa were husband and wife, both very ill and feeble, and evidently in expectation of dying. As a matter of fact, both did soon thereafter die, Louisa on the 8th of March, 1894, and Ernst on the 16th of March, just eight days after his wife. The aggregate value of the personal property of both Ernst and Louisa is about $2,350. They left surviving no child or descendants, and as their nearest of kin a brother of the husband and a sister and half-brother of the wife. The instrument in question has already been admitted to probate as the last will and testament of Louisa Raupp, and is now offered for probate as the last will and testament of Ernst A. Raupp. It is not disputed that all of the requisites prescribed by the statute in relation to the execution of wills were complied with by both Louisa and Ernst. It is, however, contended, in behalf of the next of kin of Ernst, that the will is a "joint" will, and has no legal status under the laws of this state. Counsel for the contestant concedes that "mutual" wills are valid in the state, under the authority of In re Diez, 50 N. Y. 88. I do not think the use of the word "joint," in the opening sentence of the will, in any respect alters the signification and effect of the provisions which follow that sentence. The contents of the instrument must control. Even in the instrument which was under consideration in the Diez matter, supra, the first clause recited that "we have made as yet no conjoint disposition of any kind," etc. Therefore the mere use of the word "joint" is utterly immaterial, and of no consequence to the question at issue. In the instrument under consideration there is no question of mutuality nor of contract between the signers of the instrument. These have been the considerations which have made difficult the determination of the effect of the other instruments which have come before the courts. In the case at bar the sole question to be decided is, can two or more persons execute valid separate wills and testaments when contained in the same instrument? I am of the opinion that, if the requisites of the statute are complied with by both signers, such an instrument is the valid will of each.

Rapallo, J., in the Diez Case, supra, at page 94, says:

"Here, the husband having died first, it can be proved as his will, and the efficacy of his dispositions is in no way impaired by those portions of the instrument which, if the wife had died first, would have constituted her will, but which have now become inoperative. The result is precisely the same as if like reciprocal dispositions had been made by the husband and wife by means of two separate instruments. The combining of such reciprocal dispositions in one instrument is sanctioned by several authorities. Ex parte Day, 1 Bradf. Sur. 476; Lewis v. Scofield, 26 Conn. 452; Evans v.

Smith, 28 Ga. 98; 1 Redf. Wills, 182; Roger's Appellants, 11 Me. 303; In re Goods of Stracey, Deane & S. 6; In re Goods of Lovegrove, 2 Swab. & Tr. 453; Dufour v. Pereira, 1 Dick. 419; 2 Harg. 310, 311."

The provisions of the instrument which would have constituted the wife's will, had she died first, would only become inoperative because the sole legatee was dead. Not so in the case at bar. Applying the test suggested in the Diez Case, the provisions of the instrument would have been entirely valid and proper if written on separate pieces of paper, and such provisions are not at all difficult of construction. The payment of the legacy to the sole legatee is postponed until after the death of the survivor. In case of both husband and wife, under the circumstances of this case, the survivor would have been entitled to the entire personal estate in case of the intestacy of either. It was therefore entirely reasonable and proper to make provision for the disposition of the property, to take effect only after the death of the survivor.

I am unable to find anything in the terms of this will which would have prevented either Ernst or Louisa from changing the testamentary disposition of the property either before or after the death of either. It is true that the will can take effect only on the death of the testator. In this case it takes effect as to the property of each upon and not until his or her death. Among other authorities cited with approval by Judge Rapallo in the Diez Case, supra, is Ex parte Day, 1 Bradf. Sur. 476. In the course of his very learned and exhaustive opinion in that case, Surrogate Bradford says, at pages 483, 484:

"Nor do I see anything in the formal requisites prescribed by our statutes in relation to the due execution of wills militating against the admission of a mutual will to probate, from the mere fact that it was executed as a will by two persons at the same time, provided that all the proper solemnities were duly performed. The subscription at the end of the will, the declaration of its testamentary character, and the attestation by two witnesses, if proved, are none the less true of each of the testators because true of both. If the instrument be propounded as the will of one, the signature and declaration of the other may be regarded as mere surplusage, so far as the probate court is concerned."

See, also, Beach, Wills, 89, 92.

I am of the opinion that the instrument now offered for probate should be admitted as the last will and testament of Ernst A. Raupp. Decreed accordingly.