STATE BANK, ADMINISTRATOR, *vs.* CHARLES E. BLISS ET AL.

First Judicial District, Hartford, January Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The provision of § 1114 of the General Statutes that no question may be reserved for the advice of the Supreme Court of Errors "without the consent of all parties to the record," includes only such parties as choose to appear in the trial court.

A joint will disposing of property owned in common, out of which the debts of each testator, and also legacies to third persons exceeding in amount the value of the estate of either testator, are to be paid, the residue being given to the surviving testator, with a provision that the instrument is not to be offered for probate until after the death of both testators, presents a scheme of disposition which it is legally impossible to effectuate upon the death of one only of the joint testators; and consequently his estate, after the payment of debts and charges, must be held and distributed as intestate estate, notwithstanding the fact that the will was duly proved without objection or appeal by the surviving testator.

[Argued January 15th—decided February 21st, 1896.]

SUIT to determine the validity and construction of certain clauses in the joint will of Emily Spencer, deceased, and Jane A. Spencer; brought to the Superior Court in Hartford County by the State Bank, as administrator with the will

annexed, and reserved by that court, *Ralph Wheeler, J.*, upon the facts found, for the advice of this court.

The material portions of the will were as follows :—" Be it known to all persons, that we, Emily Spencer and Jane A. Spencer, both of East Hartford, in the county of Hartford, in the State of Connecticut, being of lawful age, of sound and disposing mind, memory and judgment, and under no improper influence or restraint, do hereby make, publish and declare this to be our joint last will and testament, hereby revoking all previous wills and codicils by us made.   We give, devise and bequeath our estate and property, real and personal, as follows, that is to say : After the payment of our just debts and funeral expenses, 1. We give, devise and bequeath to Delia C. Bliss, wife of Edmund A. Bliss of Manchester, Ct. and her heirs, five thousand dollars ($5,000)." A number of other pecuniary bequests to different relatives followed, amounting in all (with that above mentioned) to $39,500.   One of these, to a Mrs. Crane, provided that should she die " before the proving of this will," it should go to her daughter, Alice Pennell.   The will then proceeded as follows :—" 3. We give, devise and bequeath to Charles E. Bliss, hereafter appointed executor of this will, all the residue and remainder of our estates, both real and personal, to him and to his heirs forever.   4. We give, devise and bequeath to

5. If I, Emily Spencer, shall die before my sister Jane A. Spencer, it is my will that all the residue of my estate, both real, personal and mixed, shall go in fee simple absolute to said Jane A. Spencer and her heirs forever.   6. If I, Jane A. Spencer, shall die before my sister, Emily Spencer, it is my will that all the residue of my estate, both real, personal and mixed, shall go to my sister Emily, in fee simple, to her and her heirs forever.   7. If we shall both die together, or within twenty-four hours of each other, it is then our joint will that all the rest, residue and remainder of our respective estates be distributed according to the statute of distributions of the State of Connecticut.   8. It is our joint will that this

instrument and testament shall not be offered for probate until the death of the last testatrix. We appoint Charles E. Bliss, Esq., of the town of Manchester, county of Hartford, and State of Connecticut, executor, without bonds, of this our last will and testament. In witness whereof, we have signed, sealed, published and declared this instrument as our last will and testament, at said East Hartford, on the 10th day of March, A. D., 1892.

"EMILY SPENCER, (L. S.)

"JANE A. SPENCER, (L. S.)"

Emily Spencer died in 1894, and the will was thereupon duly admitted to probate as her will. Charles E. Bliss declined to act as executor, and the plaintiff was appointed administrator, with the will annexed.

The sisters, at the date of the will and at the time of the death of Emily, were owners in common of certain real estate, and had equal equitable interests in certain personal estate which for convenience stood in the name of Emily. At her death such real estate was worth $6,500, and such personal estate, which consisted largely of stocks and bonds, was worth $58,000. Under a decree of the Superior Court in another action previously brought by Jane A. Spencer against the plaintiff, as administrator of her sister's estate, the latter had conveyed to her the half of all this property, which equitably belonged to her. Emily Spencer had no property other than the remaining half, the value of which was less than the total amount of the legacies given by the will.

*John R. Buck* and *John H. Buck*, for the plaintiff.

*E. Henry Hyde, Jr.*, for Louise Hart.

*Sidney E. Clarke*, for George H. Foster.

*John H. Light*, for Elizabeth Spencer Crane and Sarah Spencer Ellis.

BALDWIN, J.   The reservation by which this action comes
before us was made with the consent of all the parties ap-
pearing in the cause.   Several of the defendants named in
the complaint, and served with process, have entered no ap-
pearance, and among them is Jane A. Spencer, the sole heir
at law.

The General Statutes, § 1114, provide that no reservation
for the advice of this court, in cases tried before other courts,
shall be made "without the consent of all parties to the
record in such cases."   We think that this limitation of
jurisdiction, first introduced into our statutes in 1879, refers
only to the consent of such of the parties to the record as
choose to appear in the trial court.   Under a literal con-
struction of the statute, such as to make it require the con-
sent of every person who was made a party, the privilege of
resorting to this court for its advice might often be defeated
by the failure to obtain the consent of some defendant whose
neglect to enter an appearance was due simply to the fact
that his interest was too trivial to justify the expense of his
active participation in the suit.

The will in question describes itself as a joint will, and by
its terms was not to be offered for probate until after the
death of both the sisters.   Such a direction was plainly con-
trary to the declared policy of our law, which makes careful
provision that every will shall be propounded for probate as
soon as may be after the testator's decease.   General Stat-
utes, §§ 544, 547, 568.   If it be of any legal effect, its inser-
tion may have given the survivor and sole heir at law a right
to object to the probate of the instrument, when it was in
fact presented to the Court of Probate, shortly after the
death of Emily Spencer, as the will of the latter.   *Schu-
maker* v. *Schmidt*, 44 Ala., 454, 467; 1 Redfield on Wills,
182.   No such objection, however, appears to have been
made, nor did she take any appeal from the decree of pro-
bate.   It must, therefore, stand as the will of Emily Spencer,
duly executed.

But while its validity as a will, sufficient in respect to the
form of the instrument and the mode of its execution to pass

the real and personal estate of Emily Spencer, has thus been established by the adjudication of the Court of Probate, this same provision as to the time for proving it has a material effect in determining whether the terms in which it is expressed are such as to constitute a valid disposition of that estate. She plainly did not intend that any of the pecuniary legacies which it gave should be paid until after the death both of herself and of her sister. As she directed that the will should not be proved until then, she must have known that the funds out of which they were to be satisfied, consisting in part, at least, of her estate as administered upon before the Court of Probate, would not exist until then; nor would there be any executor clothed with authority to discharge them. The probate of her will, earlier than she designed, cannot give any different meaning to the words which she has employed to dispose of her property.

This same provision, however, had it been complied with, and were it to be held valid, if it would not have deprived her sister of the benefit of the residuary bequest in her favor, would certainly have seriously affected the character of the interest which it gave her. If upon a probate subsequent to the death of the latter, the bequest could have been held, by relation, to have become vested at the death of Emily, the use and profits during the period between those deaths could not have been actually received by Jane under the will of Emily, without a violation of our probate law; nor could she have conveyed a title to any of the property which an ordinary purchaser would be ready to accept, since the residue could not be ascertained, until the prior legacies were paid, as well as the debts of each testatrix.

In the case of *Walker* v. *Walker*, 14 Ohio St., 157, a joint will was offered for probate after the death of both testators, which, after providing for the payment of the debts and funeral expenses of each, contained certain reciprocal gifts by each to the other, and then disposed of their residuary estate by specific devises, general legacies, and a residuary bequest. The court held that such an instrument was not the proper

subject of probate as the will of both or either of the testators, and suggested that a contrary decision might lead to questions such as these :—" One of the testators may survive the other for half a century.   When is the will to be proved and to thus become practically operative?   On the death of both testators?   If so, how is the estate of the first decedent to be administered in the meantime, and what is to become of debts and legacies?   If it is to be proved on the death of the first decedent, how are the legacies to be paid?   If they remain in abeyance until after the death of both testators, what, in the meantime is to be done with that portion of the property of the decedent which is ultimately to be devoted to their payment?   If, on the other hand, they are to be paid in part at once, in what *proportion* is the property of the first decedent to contribute for that purpose?"

A will operates as a conveyance by way of appointment. That now before us purports to dispose by a joint act of two separate estates, consisting of property held in common. The order of disposition is particularly described.   First, the debts and funeral expenses of each testatrix are to be paid; next, pecuniary legacies to the amount of nearly $40,000 are provided for; and then each makes the other her residuary legatee and devisee, unless their deaths should be simultaneous or within twenty-four hours of each other, in which event the residue is to go as a common fund to their next of kin.

Most of the questions so forcibly put by the court in *Walker* v. *Walker* are thus distinctly presented to us for decision.

It is impossible now to determine what debts the surviving sister may owe at the time of her decease; but these as well as those of Emily must be ascertained and paid before any of the legacies can be satisfied.   If these legacies are to be viewed as given solely by the testatrix who was the first to die, their satisfaction will be impossible, for they amount to more than her whole estate.   If, on the other hand, only half of each legacy is to come out of Emily's estate, that half

cannot be paid so long as Jane survives, without disregarding the plain intent of the will that no payments shall be made under its provisions until after the decease of both sisters, since then only was the will to be presented for probate and the estates placed in course of administration. Such a postponement, however, could not legitimately increase, meanwhile, the income of the survivor, for she was to share only in the residue remaining after the particular legacies were satisfied; nor could that be until after the payment of such debts as she herself might owe at her decease, —necessarily an unknown quantity until that event occurred. When, again, did the particular legacies vest? As to one of them, that to Mrs. Crane, it was especially provided that it should not vest until the will was proved, a date which, in the contemplation of the testatrix, could not be reached during the life of Jane. But if any of the other legatees had died after Emily and before Jane, whatever might be their rights in Emily's estate, could they have had any claim upon that of Jane, who survived them?

The will is partly a joint and partly a mutual one. Each testatrix executed it as the will of both and in order to accomplish a common purpose. Its form would indicate that it was originally drafted as a joint will, only, and that the reciprocal provisions and contingent residuary gift to their next of kin, found in the clauses numbered from 5 to 8, were subsequently inserted. A will strictly mutual is in legal effect nothing but the individual will of that one of the testators who may die first. *Lewis* v. *Scofield*, 26 Conn., 452. To give such a construction to the will now under consideration would do violence to its terms. It purports to be a joint act; it creates a common fund out of which the debts of each and her funeral expenses are to be met, and legacies to third parties paid; and it provides against its probate until both the makers are dead, after making each the residuary legatee of the other. This scheme is one which it is impossible to carry out, and its various parts are so related to each other that all must fall together.

The Superior Court is advised that the estate of Emily Spencer which may remain after the payment of debts and charges, should be distributed as intestate estate.

In this opinion the other judges concurred.