## EDDY, EXECUTOR, ET AL. *v.* CROSS.

[No. 3,705.   Filed May 15, 1901.]

EXECUTORS AND ADMINISTRATORS.—*Decedents' Estates.—Wills.—Action by Legatee.— Complaint.—* A complaint alleged that plaintiff was the widow of decedent, who died testate, and that defendant was the duly qualified and acting executor of his will; that the estate had been pending settlement for more than a year, all of the debts had been paid, and the annual report of the executor showed a certain amount of property in the hands of the executor; that plaintiff elected to take under the will and "that by the terms of the will she is the sole legatee of all of the property of said decedent, both personal and real, to be hers during her lifetime; that she is entitled to the immediate possession of said balance of the assets of said estate remaining in the hands of said executor" which the executor refuses to pay over to her. *Held,* that the complaint is bad on demurrer. *pp. 643-645.*

WILLS.—*Personal Property.—Life Tenant.*—Where personal property is bequeathed for life generally with remainder over with no directions that the property shall continue as at death of testator, a direction to invest in permanent securities will be implied, and only the income paid over to the life tenant. *p. 645.*

From the Jackson Circuit Court.   *Reversed.*

*B. H. Burrell* and *F. Branaman,* for appellants.

*D. A. Kochenour,* for appellee.

ROBY, J.—The appellee's complaint states that on July 24, 1897, John Cross died testate, in Jackson county. "That his last will and testament was duly probated and recorded in the office of the clerk of the Jackson Circuit Court of said county on the 26th day of August, 1897. See will record three, pp. 58, 59. A copy of said will is filed herewith and made a part hereof and marked exhibit A." That she is the widow of decedent; that she has elected to take under the will in lieu of the statute; that the decedent died seized of certain real estate situated in Jackson county and also personal property of the value of $2,923.65; that appellant, Eddy, is the duly qualified and acting executor of said will; that the administration has been continued, pend-

ing settlement, more than one year; that he filed an annual report August 25, 1898; that all debts of decedent have been paid; that the executor has $2,397.69 consisting of money, notes, bonds, stocks, and other choses in action, and plaintiff says "that by the terms of said will she is the sole legatee of all the property of said decedent both personal and real, to be hers during her lifetime; that she is entitled to the immediate possession of said balance of assets of said estate remaining in the hands of said executor". That the executor refuses to pay over the balance. "And plaintiff has offered and she does hereby offer to take all the uncollected notes, bonds, mortgages, judgments, certificates, and choses in action, in the hands of said executor belonging to said estate at their appraised value and in their present condition when properly assigned, and release him from all further liability therein as to her." The prayer is that the provisions of the will be construed so as to give her the possession of the property bequeathed to her, and that the executor be ordered to close and settle the administration of said estate. "And the Methodist Episcopal Church at Houston, Indiana, and her trustees, the other defendants, are made parties hereto and required to answer as to their interest in said estate."

Several demurrers to the complaint were overruled, appellants refused to plead further, and the court rendered a judgment to the effect that appellee is entitled under the terms of the will to the immediate possession and use of all the property remaining after the payment of debts and expenses, the same to be hers with power of disposition during her lifetime, and that it was the intention of the testator that any part of said estate left at her death whether real or personal should vest in the trustees of said church. The executor was ordered to close up the estate and transfer all assets remaining to appellee.

It is difficult to determine the theory of the complaint. It has some of the characteristics of a suit to secure possession of personal property wrongfully withheld, but it is not

good upon that theory, since it shows that the appellant holds the property lawfully as executor. As against that fact, the averment that she is entitled to the immediate possession of the property has no force; neither does the pleading show that she is entitled to its possession otherwise. The averment is that she is the owner of a life estate in it. The law is well settled that "when personal property is given for life generally, as the residue or remainder of the testator's estate, then it is to be converted into money, and put at interest in the names of the executors, and the interest only paid to the legatee." *Jones* v. *Stites,* 19 N. J. Eq. 324; *Rowe* v. *White,* 16 N. J. Eq. 411, 84 Am. Dec. 169; *Brannock* v. *Stocker,* 76 Ind. 558; *Wilborn* v. *Stocker,* 78 Ind. 602.

Where the testator has not given the property in specie, i. e., where he has not directed that it shall continue as it was at his death, a direction to invest in permanent securities will be implied, in order that property which is wasting and perishable may be put in a permanent form, so that all the beneficiaries may take the income in succession. If a part of the residue was composed of precarious securities or wasting securities, which are not recognized as proper investments for trustees, they should be sold and the proceeds reinvested. 1 Underhill on Wills, §433.

The averments of the complaint show a general bequest to appellee for her lifetime of money, notes, bonds, mortgages, certificates, and choses in action. The rule enunciated by the authorities cited is therefore applicable. It is the right and just rule. Its application protects the interest of both parties. It insures for appellee an income during all her life, and will prevent the dissipation of the fund in her interest as well as in that of the remainderman, thereby effectuating the intention of the testator.

The complaint does not contain averments necessary to an action for the construction of a will, and no theory has been suggested upon which it can be upheld. The will referred to as an exhibit is not thereby made a part of the pleading. It is not the foundation of the action. *Noble* v. *McGinnis,*

55 Ind. 528; *Schori* v. *Stephens,* 62 Ind. 441; *Black* v. *Richards,* 95 Ind. 184.

Judgment reversed, and cause remanded with instructions to sustain demurrer to complaint.

Wiley, J., I concur in the conclusion reached.