conclusion, and we do not feel justified in setting its conclusion aside as against the weight of the evidence.

The judgment and order appealed from should be affirmed, with costs. All concur, except THOMAS, J., dissents.

---

(82 Misc. Rep. 319.)

### In re KLINGEL.

(Surrogate's Court, Kings County. October, 1913.)

1. WILLS (§ 656*)—CONSTRUCTION.
   The rule that, when the event which constitutes the contingency expressed in a will can be construed as the occasion for the making of the will at that particular time, rather than the reason for making it in a particular way, the will should be construed so that its provisions survive the contingency, must be limited to a case where the whole will is determined upon because of a fear of death from a present menace.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1546–1550; Dec. Dig. § 656.*]

2. WILLS (§ 657*)—CONSTRUCTION—DEVISEES.
   Where a husband and wife by their joint will declared that their property, in case of the death of both in an accident or the death of the survivor without opportunity to make a will, should go to named individuals, the devisees were entitled to take only in event of happening of the contingency, and could not take where the husband survived his wife for more than two years.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1551, 1552; Dec. Dig. § 657.*]

3. WILLS (§ 666*)—CONSTRUCTION—STATEMENTS OF TESTATOR.
   Where a husband and wife made joint wills, and the surviving husband repeatedly declared that all of his property was devised to named devisees, that fact will not entitle the devisees to take, where they were entitled only in the event of a contingency which never happened.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1570; Dec. Dig. § 666.*]

Judicial settlement of the account of Minnie Klingel, as administratrix with the will annexed of Robert H. Matthewson, deceased. Account settled.

Jacob Brenner, of Brooklyn, for administratrix.

Thomas Carmody, Atty. Gen. (Henry Stanley Renaud, Deputy Atty. Gen., of counsel), for state comptroller.

Webster J. Oliver, of New York City, special guardian for infants.

KETCHAM, S. This accounting is made under a will mutually executed by the decedent and his wife. Its opening is in the usual form. Each testator directs the payment of his or her debts and funeral and testamentary expenses. Then each, in the event of his or her death leaving the other, gives all of his or her estate to such other. The only remaining disposition is as follows:

"Fourth. In the event we both should die at the same time by some calamity, accident, or otherwise die together, without an opportunity for the survivor of us to make any other testamentary disposition of the estate of which said survivor should be seized or possessed, then we both doth hereby

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

devise and bequeath to our nephew John Klingel and Minnie Klingel, his wife, or the survivor of them, all the estate which we or either of us shall be seized or possessed of."

The husband survived the wife nearly two years. He repeatedly said after her death that he had left all his property to Minnie Klingel. John Klingel died before the testator's death. There are no next of kin of the decedent.

[1, 2] It is sought to liken this will to those of which it is said that, when the event which constitutes the contingency expressed in the instrument can be construed to have been the occasion for making the will at the particular time when made, rather than as a reason for making it in a particular way, the will should be so construed that its provisions shall survive the contingency. Obviously this rule should be limited to a case where the whole will is resolved upon because of a fear of death from a specific menace. Where the task of making a will is entered upon with no sign of any incentive thereto except such as accompanies the ordinary will, words upon which only one of the gifts is limited must be construed as a condition, if that would generally be their meaning.

In Page on Wills, § 64, the author, in contrasting the inharmonious cases in which expressions of contingency have been variously construed, says:

"It sometimes happens that the contingency applies to one or more clauses of the will. They are to be valid or not according to the outcome of the event; the rest of the will is absolute. Thus a testator began his first bequest: 'First, if by casualty or otherwise I should lose my life during this voyage, I give,' etc. The subsequent bequests contained no mention of any conditions. It was held that the first bequest only was 'conditional'—citing Damon v. Damon, 8 Allen (Mass.) 192, and Massie v. Griffin, 2 Metc. (Ky.) 364. In such cases the will is, of course, unaffected as a whole by the failure of specific bequests."

In Rood on Wills, § 65, it is said of these expressions of contingency:

"The courts generally treat the statement as inducement for making the will, if possible, and if clearly a condition, to restrict its operation to the immediate clause or provision, rather than believe that the testator meant it to affect the whole will"—citing cases.

Dr. Schouler, in his Wills and Administration, page 140, says:

"If the condition is of partial application simply, the will should be admitted to probate, and the effect of the condition upon a particular devise or legacy treated as a matter of construction afterwards. But if the condition is one that strikes into the essence of the whole will, affecting its status for probate and a valid operation, the main point to determine is whether so sweeping an effect was really intended."

Chaplin, in his work on Wills, page 398, as to the same subject, says:

"An important distinction is here also to be noticed between a conditional will (where the will does not take effect at all unless the condition is fulfilled) and a will containing a conditional legacy or devise. In this latter case the will itself holds good in any event, and it is only the particular legacy or devise which fails if the condition is not fulfilled."

In the Damon Case, supra, the court says:

"The introductory clause is complete in itself, in a form quite common, and states distinctly the motive of the testator in making the will: 'I, J. W. Damon, of * * * being in sound mind and body, and being about to go to Cuba, and knowing the dangers of voyages, do hereby make this as my last will and testament, in manner and form following.' So far, what is said applies to the whole instrument. Then come the particular dispositions: 'First. If by casualty or otherwise I should lose my life during this voyage, I give and bequeath to my wife Ann,' etc. The condition is thus grammatically, and according to the common use of phraseology, attached to and qualifies the particular bequest. He gives a certain piece of property to his wife, if he loses his life during the voyage. There is no gift to her without that qualification. Suppose any other condition had been expressed: 'If I die before I reach a certain age,' or 'before a certain house is finished,' or 'if the legatee survives A.' Could it be doubted that it would make the bequest conditional? The word 'first,' preceding the condition and the gift, has a tendency to show that the testator is expressing a particular qualification and not a general purpose. To change the word 'if' into 'lest' would be to make a change in the meaning on grounds purely conjectural. The other reasons urged for the opinion that the whole will was made 'lest the testator should die during the voyage,' namely, the appointment of his wife as accountant to settle his affairs in Cuba 'and all other places where I may have business at the time of my decease,' he having no business elsewhere than in Cuba and Charlestown when the will was made, and the repetition of the phrase 'this my last will and testament,' whatever weight might be given to them if the sole question were whether the whole will must fail if he accomplished the voyage in safety, are deprived of all force if the condition affects but a single clause. And upon the second question proposed we are of opinion that the condition does not affect any other than the first clause of the will, and that the will is therefore entitled to probate, having been duly executed."

In Massey v. Griffin, supra, the will contained the words, "Should I never return," which the court found to apply to one of several dispositions found in the instrument. It is then said:

"If the testator intended to make the whole instrument contingent and conditional, he could very easily have inserted the condition in the remaining portion, thus: 'I also desire, in the event that I do not return.' That he did not thus insert it is very persuasive, at least, that he did not intend the entire paper to be conditional."

In the case at bar the primary dispositions are absolute in form, and there is nothing to show that the testamentary act in its general aspects was inspired by any other than the normal incentives which surround every testator. It was only as to one incidental disposition that the fear of death in a particular form was considered. The fourth paragraph must be regarded as containing a gift only to take effect in the event described and it cannot be said that such event has occurred.

[3] The testator did not die at the same time with his wife, nor did she die without an opportunity to him to make other disposition of his estate. He survived her for nearly two years. His statement, repeated during that period, that he had left all his property to the conditional legatee, cannot control or aid the reading of his will.

It is a misfortune to be deplored that the estate must go to the state, but that disposition must be made in the decree.

Decreed accordingly.